THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| Hard Drive Productions Inc., | CASE NO. 4:11-cv-00059-SEB-WGH |
| Plaintiff | |
| v. | Judge: Sarah Evans Barker |
| | Magistrate Judge: William G. Hussmann |
| DOES 1 – 21, | |
| Defendants | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO THE RULE 26(f) CONFERENCE**

Plaintiff Hard Drive Productions Inc., who owns the copyright in the creative work at issue in this case, which was distributed via the BitTorrent protocol, seeks leave of this Court to serve limited, immediate discovery on third party Internet Service Providers ("ISP") to determine the identities of Doe Defendants.  The Court should grant this motion because Plaintiff has a demonstrated need for expedited discovery, the request is fair, and *ex parte* relief is proper under the circumstances.

**FACTUAL BACKGROUND**

Plaintiff, a producer of adult entertainment content, filed its Complaint against Doe Defendants alleging copyright infringement and civil conspiracy.  (*See* Compl.)  Defendants, without authorization, used an online peer-to-peer ("P2P") media distribution system to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including by making Plaintiff's copyrighted works available for distribution to others.  (Compl. ¶ 23.)  Although Plaintiff does not know the true names of the Defendants, Plaintiff has

1

identified each Defendant by a unique Internet Protocol ("IP") address which corresponds to that Defendant on the date and at the time of the Defendant's infringing activity. (Hansmeier Decl. ¶ 15.) Additionally, Plaintiff has gathered evidence of the infringing activities. (*Id.* ¶¶ 12–20.) Plaintiff has downloaded the video file that each Defendant unlawfully distributed and has confirmed that the files contained Plaintiff's copyrighted Video. (*Id.* ¶ 19.) All of this information was gathered by a technician using procedures designed to ensure that the information gathered about each Doe Defendant was accurate. (*Id.* ¶ 12.)

Plaintiff has identified the ISPs that provide Internet access to each Defendant and assign the unique IP address to the Defendant. (*Id.* ¶¶ 15–17.) When presented with a Defendant's IP address and the date and time of the infringing activity, an ISP can identify the name and address of the Doe Defendant (*i.e.*, the ISP's subscriber) because that information is contained in the ISP's subscriber activity log files. (*Id.* ¶¶ 21–22.) ISPs typically keep log files of subscriber activities for only limited periods of time—sometimes for as little as weeks or even days—before erasing the data. (*Id.*)

In addition, some ISPs lease or otherwise allocate certain IP addresses to unrelated, intermediary ISPs. (*Id.* ¶ 23.) Because lessor ISPs have no direct relationship (customer, contractual, or otherwise) with the end-user, they are unable to identify the Doe Defendants through reference to their user logs. (*Id.*) The lessee ISPs, however, should be able to identify the Doe Defendants by reference to their own user logs and records. (*Id.*)

Plaintiff continues to monitor infringement of its copyrighted works via the BitTorrent protocol. (*Id.* ¶ 24.) The infringement is continuous and ongoing, and is committed by other parties in addition to Doe Defendants set forth on Exhibit A attached to the Complaint. (*Id.*) Thus, the need for the limited, immediate discovery sought in this *ex parte* motion is critical.

## ARGUMENT

The Court should grant this motion for two reasons: the Plaintiff has a need for expedited discovery and *ex parte* relief is proper under the circumstances where there are no known defendants with whom to confer and the discovery request is directed at a third party.

**I.   THE COURT HAS AUTHORITY TO GRANT *EX PARTE* RELIEF, PLAINTIFF HAS MADE A NECESSARY SHOWING OF NEED FOR EXPEDITED DISCOVERY, AND PLAINTIFF'S REQUEST IS FAIR**

The Court has broad authority under the Federal Rules of Civil Procedure to manage the discovery process. *See, e.g.*, Fed. R. Civ. P. 26(d); *id.* 16(b)(3)(B); *id.* 16(c)(2)(F). Rule 26(d)(1) explicitly permits a party to seek discovery from any source before the parties have conferred when authorized by a court order. *Id.* 26(d)(1). The courts in this jurisdiction rely on considerations of need and fairness when deciding whether this early discovery is warranted. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000); *accord Lamar v. Hammel*, No. 08-02-MJR-CJP, 2008 WL 370697, at *3 (S.D. Ill. Feb. 11, 2008). Plaintiff has a need for expedited discovery because physical evidence of infringement will be destroyed with the passage of time; because infringement is ongoing and continuous, necessitating immediate relief; and because this suit cannot proceed without this information. At the same time, Plaintiff's request does not offend traditional notions of fairness and practicality. Therefore, this Court should grant Plaintiff's motion.

**A.   The Court Has Authority to Grant Plaintiff's Motion**

This Court has authority to grant an *ex parte* request for expedited discovery. Rule 26(d) gives judges broad power to determine the timing and sequence of discovery. Fed. R. Civ. P. 26(d); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge

with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."). The Federal Rules rely on the discretion of trial judges to tailor the scope, manner, and timing of discovery to the needs of the case and ensure the just, speedy, and inexpensive administration of justice. *See, e.g.*, Fed. R. Civ. P. 16(b)(3)(B); *id.* 16(c)(2)(F) (setting forth a trial court's power to manage discovery by modifying the timing and extent of discovery through scheduling and case management orders). Though this Circuit has not articulated a set test or criteria for deciding whether early discovery is warranted, this Court in the past has elected to rely on considerations of need and fairness. *Merrill Lynch*, 194 F.R.D. at 623 ("Plaintiff must make . . . showing of the need for the expedited discovery. . . . Courts must also protect defendants from unfair expedited discovery."); *see also Vance v. Rumsfeld*, No. 06-C-6964, 2007 WL 4557812, at *3 (N.D. Ill. Dec. 21, 2007) (balancing "[p]laintiffs' need for information relevant to this litigation against the undeniable hurdles of gathering discovery in Iraq during wartime"); *accord Lamar*, 2008 WL 370697, at *3 ("This Court . . . will rely on considerations of need and fairness."); *IRC, LP v. McLean*, No. 09-189-JPG-CJP, 2009 WL 839043, at *2 (S.D. Ill. Mar. 31, 2009). Plaintiff's request meets both of the criteria for need and fairness, and thus, the Court should grant this motion.

**B.     Plaintiff Has Made a Necessary Showing of Need for Expedited Discovery**

Plaintiff has a need for expedited discovery of Doe Defendants' identities because physical evidence of infringement will be destroyed with the passage of time; because infringement is ongoing and continuous, necessitating immediate relief to prevent irreparable harm to Plaintiff; and because this suit cannot proceed without this information.

First, time is of the essence here because ISPs typically retain user activity logs containing the information sought by Plaintiff for only a limited period of time before erasing the data. (Hansmeier Decl. ¶ 22.) If that information is erased, Plaintiff will have no ability to

identify the Defendants, and thus will be unable to pursue its lawsuit to protect the copyrighted works. (*Id.*)  Other federal courts did not hesitate to grant motions for expedited discovery under similar circumstances, where "physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation." *See, e.g.*, *Living Scriptures v. Doe(s)*, No. 10-cv-0182-DB, 2010 WL 4687679, at *1 (D. Utah Nov. 10, 2010) (granting motion for expedited discovery where the information sought by plaintiff was "transitory in nature"); *Interscope Records v. Does 1–14*, No. 07-4107-RD, 2007 WL 2900210, at *1 (D. Kan. Oct. 1, 2007) (granting immediate discovery from ISPs because "the physical evidence of the alleged infringers' identity and incidents of infringement could be destroyed to the disadvantage of plaintiffs"); *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (granting emergency motion for expedited discovery where "[f]urther passage of time . . . makes discovery . . . unusually difficult or impossible").

Second, because infringement is ongoing and continuous, Plaintiff needs to discover the identities of Doe Defendants to take quick actions to prevent further irreparable harm.  Without a way to contact the Defendants, Plaintiff will continue to suffer ongoing, continuous injury due to Defendants' illegal activities.  (Hansmeier Decl. ¶ 24.)

Third, courts regularly grant expedited discovery where such discovery will "substantially contribute to moving th[e] case forward." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002); *see also Living Scriptures*, 2010 WL 4687679, at *1 (granting motion for expedited discovery of Doe Defendants because "without such information this case cannot commence").  Here, the present lawsuit simply cannot proceed without discovering the identities of the Defendants.  Although Plaintiff was able to observe Defendants' infringing activity through forensic software, this system does not allow Plaintiff to

access Defendants' computers to obtain identifying information. (Hansmeier Decl. ¶ 15.) Nor does this software allow Plaintiff to upload a file onto Defendant's computer or communicate with it in a manner that would provide notice of infringement or suit. (*Id.*) Hence, the Plaintiff needs Defendants' actual contact information to be able to communicate with them and name them in this lawsuit.

### C.     Plaintiff's Request is Both Fair and Practicable

Finally, discovery of the Defendants' identities does not frustrate notions of fairness and practicality. *Lamar*, 2008 WL 370697, at *3 (discussing whether information is readily available and the breadth and specificity of the discovery request as factors). The request is fair because Plaintiff's request is limited to basic contact information which is readily obtainable from ISPs; because Defendants have diminished expectations of privacy; and because the First Amendment does not shield copyright infringement.

#### 1.     Discovery is fair and practical because Plaintiff's request is limited

The information requested by the Plaintiff is limited to basic contact information of the Defendants. The Plaintiff intends to use the information disclosed pursuant to their subpoenas only for the purpose of protecting its rights under the copyright laws. The information is readily obtainable from the ISPs and the disclosure of personally identifying information by the cable providers was contemplated by Congress nearly three decades ago in the Cable Communications Policy Act of 1984, Pub. L. 98-549, § 2, 98 Stat. 2794 (codified as amended at 47 U.S.C. § 551 (2001)). Cable operators may disclose such information when ordered to do so by a court. § 551(c)(2)(B) (2001). The Act also requires the ISP to notify each subscriber about whom disclosure is sought about the subpoena and thus providing them with a notice of a pending action and an opportunity to appear and object. *Id.*

#### 2.     **Discovery is fair because Defendants have diminished expectations of privacy**

Defendants have little expectation of privacy because they have diminished these expectations by opening their computers to others through peer-to-peer file sharing.

Courts have repeatedly rejected privacy objections to discovery of personal contact information in copyright infringement cases, concluding that defendants in these cases have minimal expectations of privacy. *See, e.g.*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed defendant's First Amendment right to anonymity); *Sony Music Entertainment Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."). Courts in many jurisdictions have also rejected challenges to disclosure of personally identifiable information based on privacy provisions of Family Educational Rights and Privacy Act ("FERPA") where defendants are students. *See, e.g.*, *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, *7–*8 (W.D. Pa. Apr. 3, 2008) (concluding that 20 U.S.C. § 1232g(b)(2) expressly authorizes disclosure of "directory information" such as name, address, and phone number; and that a MAC address does not fall within the purview of FERPA at all); *Arista Records LLC v. Does 1–4*, 589 F. Supp. 2d 151, 153 (D. Conn. 2008) (same); *Arista Records, L.L.C. v. Does 1–11*, 1:07CV2828, 2008 WL 4449444, at *3 (N.D. Ohio Sept. 30, 2008).

In addition, the courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information, as they have already conveyed such information to their Internet Service Providers. *See, e.g.*, *Guest v. Leis*, 255 F.3d 325, 335–36 (6th Cir. 2001) ("Individuals generally lose a reasonable expectation of privacy in their information once they reveal it to third parties."); *United States v. Hambrick*, Civ. No. 99-4793, 2000 WL 1062039, at

7

*4 (4th Cir. Aug. 3, 2000) (a person does not have a privacy interest in the account information given to the ISP in order to establish an email account); *United States v. Kennedy*, 81 F. Supp. 2d 1103, 1110 (D. Kan. 2000) (defendant's Fourth Amendment rights were not violated when an ISP turned over his subscriber information, as there is no expectation of privacy in information provided to third parties).

And finally, as one court aptly noted, "if an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world." *In re Verizon Internet Services, Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003), *rev'd on other grounds*, *Recording Indus. Ass'n of America, Inc. v. Verizon Internet Services, Inc.*, 351 F.3d 1229 (D.C. Cir. 2003).

> 3. **Discovery is fair because the First Amendment is not a shield for copyright infringement**

The First Amendment does not bar the disclosure of Defendants' identities either because anonymous speech, like speech from identifiable sources, does not have absolute protection. The First Amendment does not protect copyright infringement, and the Supreme Court, accordingly, has rejected First Amendment challenges to copyright infringement actions. *See, e.g.*, *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 555–56, 569 (1985). It is also well established in federal courts that a person downloading copyrighted content without authorization is not entitled to have their identity protected from disclosure under the First Amendment—limited protection afforded such speech gives way in the face of *a prima facie* showing of copyright infringement. *See Interscope Records v. Does 1–14*, 558 F. Supp. 2d 1176, 1178 (D. Kan. 2008); *see also Arista Records*, *Arista Records LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment privacy

interests are exceedingly small where the 'speech' is the alleged infringement of copyrights."); *Sony Music*, 326 F. Supp. 2d at 566 ("[D]efendants have little expectation of privacy in downloading and distributing copyrighted songs without permission."); *Arista Records, LLC v. Doe No. 1*, 254 F.R.D. 480, 481 (E.D.N.C. 2008). The *Sony Music* court found that the plaintiffs had made a *prima facie* showing of copyright infringement by alleging (1) ownership of the copyrights or exclusive rights of copyrighted sound recordings at issue; and (2) that "each defendant, without plaintiffs' consent, used, and continue[d] to use an online media distribution system to download, distribute to the public, and/or make available for distribution to others certain" copyrighted recordings. 326 F. Supp. 2d. at 565.

Here, Plaintiff has made a *prima facie* showing of copyright infringement. First, it alleged ownership of the copyrights of the creative work at issue in this case. (*See* Compl. ¶ 26). Second, it also submitted supporting evidence listing copyrighted works downloaded or distributed by Defendants using BitTorrent. (Compl., Ex. A). Thus, the limited protection afforded to Defendants by the First Amendment must give way to Plaintiff's need to enforce its rights.

In summary, the Court has well-established authority to authorize expedited discovery of the Doe Defendants' identities based on a showing of need. Plaintiff has made this showing of need because evidence of infringement may be destroyed; because Plaintiff is suffering ongoing, continuous injury from Defendants' infringing activities; and because this information is necessary for this action to continue. The discovery of this information is both fair and practicable because it is readily obtainable from the ISPs; because Defendants will get a notice and have an opportunity to appear and object; because Defendants have diminished expectations of privacy; and because First Amendment does not bar disclosure of Defendants' identities when

9

they engage in copyright infringement.  For these reasons, the Court should grant Plaintiff's motion for expedited discovery.  This *ex parte* relief is also appropriate because the discovery is necessary to identify Doe defendants.

## II.    *EX PARTE* RELIEF IS APPROPRIATE UNDER THE CIRCUMSTANCES

*Ex parte* relief is appropriate under the circumstances where there are no known defendants with whom to confer.[1]  Courts routinely and virtually universally allow *ex parte* discovery to identify "Doe" defendants.  *See, e.g.*, *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980) (reversing and remanding because when "a party is ignorant of defendants' true identity . . . plaintiff should have been permitted to obtain their identity through limited discovery") (citing *Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979); *Gordon v. Leeke*, 574 F.2d 1147, 1152–53 (4th Cir. 1978)); *see also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[W]here the identity of the alleged defendants [is] not [ ] known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants.")); *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) (holding that the district court erred when it denied the plaintiff's motion to join John Doe Defendant where identity of John Doe could have been determined through discovery).

Courts across the country have applied the same principles to *ex parte* expedited discovery in copyright infringement suits that are factually similar, if not identical, to this one. *See, e.g.*, *Warner Bros. Record Inc. v. Does 1–14*, 555 F. Supp. 2d 1, 1–2 (D.D.C. 2008)

---

[1] In fact, because Plaintiff does not yet know the Doe Defendants' true identities, Plaintiff is unable not only to confer with them, but also to properly serve them with a copy of this motion. Instead, Plaintiff will serve the Clerk of Court as authorized by Fed. R. Civ. P. 5(b)(2)(D) ("[I]f the person has no known address" a paper can be served by "leaving it with the court clerk").

(granting *ex parte* motion for immediate discovery on an ISP seeking to obtain the identity of each Doe defendant by serving a Rule 45 subpoena); *Arista Records LLC v. Does 1–7*, No. 3:08-CV-18(CDL), 2008 WL 542709, at *1 (M.D. Ga. Feb. 25, 2008) (same); *Arista Records LLC v. Does 1–43*, No. 07cv2357-LAB (POR), 2007 WL 4538697, at *1 (S.D. Cal. Dec. 20, 2007) (same); *Warner Bros. Records, Inc. v. Does 1–20*, No. 07-CV-1131, 2007 WL 1655365, at *2 (D. Colo. June 5, 2007) (same). This Court should follow the well-established precedent from the Seventh Circuit and other federal courts and permit *ex parte* discovery of the Doe Defendants' identities. As in the cases cited above, the Doe Defendants' identities are not known, but can be discovered through limited discovery.

Further, *ex parte* relief is appropriate because Plaintiff is not requesting an order compelling Defendants to respond to particular discovery, where notice and opportunity to be heard would be of paramount significance to the other party. Rather, Plaintiff is merely seeking an order authorizing it to commence limited discovery directed towards a third party. For these reasons, an *ex parte* motion to discover the identities of Doe Defendants is appropriate and the Court should grant Plaintiff's motion.

## CONCLUSION

The Court should grant Plaintiff's motion for two reasons. First, Plaintiff has a need for expedited discovery because physical evidence of infringement may be destroyed with the passage of time; because infringement is ongoing and continuous, necessitating immediate relief; and because this suit cannot proceed without this information. The discovery is fair and practicable because Plaintiff's request is limited and the information is easily obtainable from third parties; because Defendants have diminished expectations of privacy; and because First Amendment does not provide a license to infringe copyrights. Second, *ex parte* relief is proper under the circumstances where there are no known defendants with whom to confer. Therefore,

Plaintiff respectfully asks the Court to grant this motion and enter an Order substantially in the form of the attached Proposed Order.

                                        Respectfully submitted,

                                        Raphael Whitford.

DATED: May 31, 2011

                                        By:    /s/ Raphael Whitford_____
                                                      Raphael Whitford (Bar No. 92363)
                                                        Steele Hansmeier PLLC
                                                        161 N. Clark St., Suite 4700,
                                                        Chicago, IL 60601
                                                        312-880-9160; Fax 312-893-5677
                                                        rjwhitford@wefightpiracy.com
                                                        *Attorney for Plaintiff*