June 1, 2011

The Honorable Judge Sarah Evans Barker
U.S. District Court
Lee H. Hamilton Federal Building and United States Courthouse
121 West Spring Street
New Albany, IN 47150

FILED
U.S. DISTRICT COURT
NEW ALBANY DIVISION

11 JUN -6 PM 2: 49

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

Reference:
Court Case: Hard Drive Productions vs Does 1-21 (4:11-cv-00059-SEB-WGH)
Court: United States District Court for the Southern District of Indiana New Albany Division
Copyrighted Work: "Amateur Allure – Erin"
Identifying Information: Accountholder Name, Address(es), Telephone Number

Your Honor,

I am alarmed to discover that my I.P. address has been cited among many others by the "wefightpiracy.com" lawyers in one of the latest mass subpoena request filings by this group acting for various producers of pornography. These lawsuits have been rife with shoddy "evidence" accumulation and wrongful harassment of internet subscribers with no effort or evidence to identify the actual infringer behind an I.P. address rather than just demanding money from the person registered as the subscriber of the internet connection.

Even not considering the relative ease that an I.P. Address can be forged, I do not know if the possibility exists that copyrighted material has been wrongly downloaded at some point from the wireless network in my home which connects to the broadband I pay for. Mr. Steele and lawyers attempting the same scheme of intimidation will eventually be in contact with me to demand several thousand dollars to not sue ME for downloading this pornography file if Your court permits the subpoena of subscriber information from our broadband providers. They will attempt to "settle" with me for more than I can afford (a few thousand dollars is very significant to most of us here in Indiana). However, we also know that settling will be cheaper than spending substantially more on a trial defense.

It frightens me most because the evidence entered by Mr. Steele only shows (probably in most cases correctly) that a copyrighted file was downloaded from an Internet connection someone pays for. I keep a wireless network for my phone and laptop, I have friends over often with their phones and laptops, and I have left it unsecured for several of my apartment neighbors on occasions they are not able to afford their own internet that month. At this moment there are 14 wireless networks in my apartment complex to choose from, and 4 of them are unsecured. I could download something illegal off of one of those networks, and soon someone like Mr. Steele could be knocking on my neighbor's door with a demand to settle for an amount that equals 7 months' worth of rent where I live. And we aren't people with savings for a settlement OR trial.

I hope and plead with you to consider the interests of neighbors in being able to share Internet, of being able to have friends over with their laptops without having to draw up legal agreements and waivers before they can connect to the internet and share our I.P. address. If broadband subscribers can be held responsible for what others download from a shared Internet connection, there would be a change in behavior of securing them and denying access to others. But at this point, I am not aware of any legal precedent which draws that conclusion. I know in addition to attempting to secure settlement money from a small proportion of defendants with the means to pay their demand, they are passively seeking an easy precedent declaring the registered owner of an I.P. address financially liable for all Internet traffic incurred over the internet connection associated with that bill payer.

Not all unsecured networks are due to lack of technical knowledge. Some of us leave them open to friends and others out of a sense of community. An internet connection is an important thing for people today, for better or for worse. I fear that we are on our way to having Internet connections become like so many other things in our country that must be locked up and hidden out of fear or intimidation.

Until that precedent is known and I know it is no longer legally safe to share the Internet connection I pay for, I don't feel that an I.P. address is a solid enough piece of evidence to subject a normal person to the ire and pressure that a well funded and connected legal firm out of Chicago can assert in their casting of a net for "modest" settlement to avoid a lawsuit for a matter which has the rights, responsibilities, and limits of liability of an Internet subscriber so undefined. This leaves us frightened and unprepared when Mr. Steele comes along and demands a half year's worth of rent because our name was on the bill for that wireless signal in our apartment complex.

I'm sure he has adapted his legal tactic to address his recent failure in Illinois federal court, and I hope that Your Honor takes a similar position to protect us from being extorted by wealthy law firms threatening us with ruinous lawsuits over an issue that even the informed defendants do not know where we stand legally. I did not download the pornography film that this complaint references, but I lack confidence to say that someone else didn't view it over my network. I hope that I cannot be financially devastated in defense or settlement over what I feel is an obvious lack of claim against the individuals paying for the 21 Internet connections being cited by Mr. Steele. An I.P. address certainly cannot satisfy any sense of sureness about the identity of a specific person who accessed data while being represented by a set of numbers shared by an unknown number of people any more than a red-light camera can hold a car owner liable for a ticket when a friend they loaned their car to runs a red light. I feel it is extremely important to be able to identify the correct person in a lawsuit of any kind, especially when the person named will be subject to thousands of dollars in defense or settlement to make this go away. If Mr. Steele can provide nothing other than an I.P. address that does not provide anything but the subscriber identity and nothing more substantial to determine the correct identity of someone downloading his films, I do not feel it is fair or just that he is able to wrestle our identity from our ISP and harass us like a bill collector for an amount we cannot afford for an offense we did not commit. Even a red-light camera must collect additional evidence to prove the identity of the driver of a vehicle which may bear a license plate registered to another person when a traffic violation had occurred.

I, and I suspect many others like me in the thousands of cases around the country, assuredly cannot afford the time or expense of the process to set a precedent as to whether or not an I.P. address equals a person, outcome regardless. I do not believe, in many if not most cases, that the actual infringer's identity will become known to Mr. Steele through this filing, only the registered internet connection subscriber's identity will become known, in many cases the two identities will likely be different. Even Mr. Steele points out that he doesn't know the identity of users behind an I.P. address (page 5, background point #14). He is seeking to discover the identity of the subscribers in order to harass them for settlements, and has no ability or interest (with the evidence presented) in discovering the actual identity of the individual who viewed his pornographic video behind that I.P. address.

I do not want my personal information disclosed to Mr. Steele, and oppose the motion referenced above. I also request that my internet provider, AT&T, withhold disclosure of my personal information as well. I pray that you and other honorable judges will hold Mr. Steele to a higher standard of "evidence" before intruding so pervasively into private citizens' lives.

Respectfully,
"John Doe"