THE UNITED STATES DISTRICT COURT
OR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

FILED
U.S DISTRICT COURT
NEW ALBANY DIVISION

11 JUN 20 AM 10: 53

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

Hard Drive Productions Inc.,
Plaintiff

v.

DOES 1 – 21,
Defendants

CASE NO. 4:11-cv-00059-SEB-WGH

Judge: Sarah Evans Barker

Magistrate Judge: William G. Hussmann

June 17, 2011

Your Honor,

I am writing you today to make You and Your Court aware of recent rulings and considerations by other Honorable Federal Judges who are overseeing similar motions to the above referenced motion filed by Hard Drive Productions and John Steele & Raphael Whitford against 21 I.P. Addresses.

The evidence submitted by the plaintiff is simply a spreadsheet list of 21 I.P. Addresses and timestamps (Exhibit A), at which time they allege the plaintiff's pornography movie was downloaded by stated I.P. Addresses. As is decided by the Honorable Judge in case number **11-2258 SC (decision attached)**, it was decided that the evidence presented to the court is insufficient to grant the discovery motions and the request to subpoena the internet providers associated with those I.P. Addresses was denied for several correct reasons, notwithstanding the issues of properly identifying defendants with the evidence presented, improper joinder by way of attempting to associate multiple defendants and timestamps spanning several months, and the unlikeliness of the plaintiff's discovery efforts to correctly and definitively identify the actual identity of the copyright infringer. Mr. Steele fails to demonstrate that the individuals who will be identified via subpoena of internet subscriber information are connected in any way, as the identified person could be a parent, university, friend, or other operator of a wireless network behind an internet connection rather than the actual infringer. The Honorable Judge also states in his decision that the civil conspiracy charges alleged by the plaintiff are improper, citing several cases in other states that support the decision. The Plaintiff has failed to demonstrate the ability of their motion to survive motions to dismiss based on several weaknesses in their evidence, including the naming of a simple I.P. Address which is no different than any other physical address or phone number. This does not allow the plaintiff to ascertain the actual identity of an infringer, only the registered owner or lessee of the address.

Jurisdictional issues can also be raised, as it is entirely possible that the registered name on the lease of an I.P. Address could be outside Indiana (for example, an out of state parent) while the connection is being used by a person in Indiana. The Plaintiff's spreadsheet of I.P. Addresses will only serve to identify the subscriber, not the actual infringer who could be any of a multitude of visitors, neighbors,

or unknown users of any number of computers or devices connecting to the internet through the residential or business router used by the internet connection.

Another case of note (**2:11-cv-02068-HAB-DGB,** ironically in Steele's home district – also attached) has resulted in at least 3 separate denied motions of discovery in separate cases in this district based on the weak nature of the plaintiff's evidence.  The Honorable Judge writes in his decision that "I.P. Addresses are not necessarily copyright infringers".  His Honor also cites a recent news article by MSNBC (**Carolyn Thompson, Bizarre Pornography Raid Underscores Wi-Fi Privacy Risks (April 25, 2011), http://www.msnbc.msn.com/id/42740201/ns/technology_and_science-wireless/**) where an Internet Subscriber's home was raided in a search for child pornography, when it quickly became apparent to the police that the evidence was insufficient when it was discovered that the home raided did not commit the crime, rather it was a neighbor who had used the homeowner's internet connection among others to commit the offenses.  The Judge correctly writes that "The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment."

Further, blatant errors in the plaintiff's settlement letters sent by the thousands, accompanied by phone calls and mail demanding settlements to avoid court, demonstrate that the plaintiff's counsel does not accurately portray the alleged infringement to recipients of letters if the courts allow discovery via subpoena to internet providers (please see an article by Current TV at http://current.com/technology/93136726_beware-the-time-traveling-troll-copyright-troll-john-steele-mailed-out-a-signed-settlement-letter-with-dates-5-years-in-the-past.htm).  If the plaintiff has so critically failed to accurately portray simple dates of infringements in letters, it stands to reason that his evidence of IP addresses consisting of up to 12 digits each may very well be riddled with errors in transcription, no to mention in many cases completely and utterly failing to identify the correct infringing person regardless.  The methods he uses to gather and submit I.P. Addresses to the court in his simple and brief evidence exhibits is undefined, and the chain of custody of said information from his "proprietary software" to the filings and further to the settlement letters is obviously in question.

It becomes apparent through consideration of the facts surrounding the difficulties of identifying a defendant based on a spreadsheet of I.P. Addresses and names gathered by the plaintiff, untested in court, and who has a vested monetary gain interest by the allegation of correctness of this information, the plaintiff has brought insufficient evidence to court in their motion to subject anonymous and highly potentially misidentified defendants to the costs of defense and legal assistance in this fishing expedition.  The defendant and other firms and companies filing similar suits in court have not had their evidence correctness, quality, or methods of gathering it tested in court, yet they continue to file thousands of lawsuits against similar John Does, with similar insufficient evidence, and do not demonstrate good faith that they are identifying the correct individual to seek compensation for the alleged copyright infringement.

Thank you for your time, Your Honor.
(name withheld due to nature of claim and actions of plaintiff)