UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| **HARD DRIVE PRODUCTIONS, INC.**<br><br>Plaintiff,<br><br>v.<br><br>**DOES 1 – 21,**<br><br>Defendants. | Case No. 4:11-cv-00059-SEB-WGH<br><br>Judge: Sarah Evans Barker<br>Magistrate: William G. Hussmann, Jr.<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR, IN THE ALTERNATIVE TO SEVER OR TO QUASH SUBPOENA FOR PRODUCTION OF PERSONALLY IDENTIFIABLE INFORMATION TO COMCAST CABLE HOLDINGS, LLC** |

**INTRODUCTION AND FACTUAL BACKGROUND**

On June 8, 2011, Plaintiff Hard Drive Productions, Inc. ("Hard Drive") served a *subpoena duces tecum* (the "Subpoena") on Comcast Cable Holdings, LLC ("Comcast") requesting the "name, current (and permanent) address, telephone numbers, e-mail address and Media Access Control addresses" (the "Requested Information") associated with each of the eight Internet Protocol ("IP") addresses listed in an exhibit attached thereto. On June 17, 2011, Comcast sent a letter ("Letter", a copy of the Letter is attached hereto as **Exhibit A**) to an individual whose computer allegedly had been assigned the IP address 98.223.142.223 ("Alleged Doe") notifying Alleged Doe that Comcast would release the personally identifiable Requested Information to this Court pursuant to the June Subpoena and the Court's order dated June 6, 2011 (Docket No. 11). In the Letter, Comcast explained that it would (temporarily) refrain from producing the Requested Information if Alleged Doe filed a motion to vacate or quash the Subpoena by July 18, 2011.

Upon receipt of the Letter, Alleged Doe, who is not officially a party to this action and has not been served with a complaint, was first made aware of the nature of the allegations against him/her. In submitting the Motion to Dismiss for lack of Personal Jurisdiction, or, in the alternative, to Sever or to Quash the Subpoena for Production of Personally Identifiable Information ('Motion") and this Memorandum, Alleged Doe does not admit any allegation set forth in the Letter and reserves his/her right to answer the complaint filed in this action when and if Alleged Doe is properly served.

As set forth in Hard Drive's complaint, Alleged Doe, along with 20 other Doe Defendants, has been accused of "intentionally download[ing] a torrent file particular to Plaintiff's Video, purposefully load[ing] the torrent files onto their BitTorrent clients, enter[ing] a BitTorrent swarm particular to Plaintiff's Video and reproduc[ing] and distribut[ing] the Video to numerous third parties." Hard Drive's Complaint ("Complaint") ¶ 23 (Docket No. 8). The content which Alleged Doe has been accused of infringing is pornographic and arguably offensive in nature. *See* Complaint ¶ 3. Alleged Doe has been implicated in this conduct solely because Comcast allegedly had assigned the IP address 98.223.142.223 ("Accused IP Address") to Alleged Doe's computer at some point in time. Not only are there a myriad of reasons why Alleged Doe's connection to a specific IP Address does not equate to Alleged Doe's (or any other Doe's) actual commission of wrongdoing,[1] but Hard Drive—despite allegations in the Complaint to the contrary (*See e.g.* Complaint ¶ 6)—has failed to take the simple steps that would allow it to identify the proper jurisdiction and venue for this action. As such, Alleged Doe

---

[1] For example, as its standard practice, Comcast assigns dynamic IP addresses to individuals. *See* Wikipedia: Comcast, http://en.wikipedia.org/wiki/comcast (last visited, April 21, 2011). Dynamic IP addresses are re-assigned each time a computer re-boots and are assigned by a server using a Dynamic Host Configuration Protocol ("DHCP"). Use of a dynamic IP address automatically assigned by a DHCP allows multiple devices to use the limited IP address space that is available on any given network, *e.g.* the Comcast network, because only certain users will be online at a particular time. *See* Wikipedia: Comcast, http://en.wikipeida.org/wiki/IP_address (last visited April 21, 2011). ***Moreover, unsecure—and even secure— network connections are subject to unauthorized use by third parties and IP addresses may be shared by multiple third parties.***

2

has been haled into litigation in the state of Indiana, in which he/she does not reside, for allegedly unlawful actions to which he/she has no definitive connection.

The fact of the matter is that counsel for Hard Drive, has built a cottage industry out of naming countless Does as defendants in questionable copyright infringement law suits involving allegations copyright infringement of pornographic material. On Hard Drive's behalf alone, counsel for Hard Drive has filed a total of twenty-six suits in various District Courts across the United States.[2] Several District Court Judges have criticized this practice. *See e.g. VPR Int'l v. Does 1-1017,* No. 11 C 2068 (C.D. Ill. April 29, 2011) (J. Baker), *Millennium TGA Inc. v. Does 1-800,* No. 10-cv-5603 (N.D. Ill. Mar. 31, 2011) (J. Manning). For example, the Honorable Judge Milton I. Shadur has dismissed more than one factually analogous case filed in the Northern District of Illinois. *See e.g. CP Prods., Inc. v. Does 1-300*, No. 10 C 6255, 2011 WL 737761, *1 (N.D. Ill. Feb. 24, 2011), *Boy Racer v. Does 1-22,* No. 11 C 2984 (N.D. Ill. May 9, 2011) (J. Shadur). In dismissing those actions, Judge Shadur explained that this type of law suit is not the appropriate vehicle for accomplishing the goal of recovering for and preventing the infringement of copyrighted works and stated "it is an understatement to characterize [this type of case] as problematic in nature." *CP Prods.,* 2011 WL 737761 at *1.

Hard Drive's attempt to pursue yet another mass copyright lawsuit here naming numerous unrelated individuals, most of whom will be discovered to be innocent of infringing Hard Drive's copyrighted works, should be shut down now by this Court for three independent reasons. First and foremost, ***there is no personal jurisdiction.*** Alleged Doe is not a resident of the State of Indiana and this Court does not have personal jurisdiction over Alleged Doe, so this suit cannot proceed against Alleged Doe in this District. Second, ***joinder is improper.*** Joining

---

[2] This statistic was obtained via a search of the website for Public Access to Court Electronic Records ("PACER") located at the URL www.pacer.gov on July 13, 2011.

3

numerous unrelated Doe Defendants in one action based on multiple unrelated downloads is procedurally inappropriate under Rule 20. Third, *this lawsuit is patently unfair and burdensome*. If Hard Drive is allowed to proceed with its improper suit, Alleged Doe will be forced to spend time and money litigating a matter in a judicial district in which Alleged Doe does not reside and Alleged Doe's name soon will be publicly implicated in the download and infringement of pornographic material. As such, Alleged Doe, for the reasons set forth in this Memorandum, respectfully requests:

1. That Alleged Doe be dismissed from this action because Alleged Doe is not a resident of this State (and because the Accused IP Address is associated with an out-of-state address according to Comcast's records); or, in the alternative

2. That the claims against Alleged Doe (and the Accused IP Address with which he/she is associated) be severed and dropped from this action due to the misjoinder of twenty-one individual defendants; or

3. That the Subpoena served on Comcast be quashed.

## ARGUMENT

In this law suit, Hard Drive disregards the most basic principles of practice mandated by the Federal Rules of Civil Procedure, and as a result Alleged Doe faces defending a law suit in foreign jurisdiction and the possible publication of his/her personally identifiable information in an unfavorable light.[3] *First,* Alleged Doe and the Accused IP Address with which he/she is associated have no connection whatsoever to this District or the State of Indiana and, as such, the

---

[3] While counsel for Hard Drive may argue that Alleged Doe is not yet a party to this action, but Alleged Doe has been identified by Comcast as the individual associated with the Accused IP Address. For all practical purposes, then, Alleged Doe is a party to this action—if and when the individual associated with the Accused IP Address is served, Alleged Doe will be a party to this action. Allowing Alleged Doe to make the arguments set forth herein as if he/she officially were a party will lead to a speedy and just resolution of this improper and unwarranted suit. It is therefore in the interests of practicality, fairness, efficiency and the resources of this Court and all parties to address the arguments set forth herein as if Alleged Doe has already been made a party to this action.

4

Alleged Doe must be dismissed from this action. ***Second,*** Alleged Doe should not be a party to this law suit because Hard Drive improperly joined Alleged Doe as a defendant. Hard Drive has failed to allege that the actions of Doe Defendants 1-21 arise from the "same transaction, occurrence or series of transactions or occurrences" and, thus, failed to meet the requirements for joinder of parties as set forth in Rule 20 of the Federal Rules of Civil Procedure. ***Third,*** the Subpoena should be quashed as it seeks the protected personally identifiable information of Alleged Doe, the disclosure of which would place an undue burden on him/her.

### A. The Southern District of Indiana Lacks Personal Jurisdiction Over Alleged Doe.

Hard Drive has the burden of demonstrating the existence of personal jurisdiction over Alleged Doe in its pleading. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). The applicable standards for pleading personal jurisdiction are set forth in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed. 2d. 929 (2007) and *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 173 L. Ed. 2d. 868 (2009). *Iqbal* and *Twombly* explain that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal,* 129 S. Ct. at 1949. The Complaint fails to meet that standard as it is based upon mere speculation, generalized statements and conclusions, and not fact. Plainly, the allegations of Alleged Doe's contacts with the State of Indiana pled in the Complaint do not form a nexus of minimal contacts sufficient for this Court to exercise personal jurisdiction over Alleged Doe.

Due process requires that a defendant must have had "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Furthermore, "[t]he due process clause will not permit jurisdiction to be based

on contacts with the forum that are random, fortuitous, or attenuated." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 at 475, 105 S.Ct. 2174 (1985). The Constitution imposes on every plaintiff the burden of establishing personal jurisdiction as a fundamental matter of fairness, recognizing that no defendant should be forced to have his/her rights and obligations determined in a jurisdiction with which he/she has had no contact. These requirements "give[] a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). According to *Iqbal* and *Twobley,* then, simply reciting personal jurisdiction requirements is not enough, nor are the assertions of naked legal conclusions; rather, Hard Drive must assert the factual basis underlying its claims.

Accordingly, Hard Drive bears the burden of pleading specific facts sufficient to plausibly support the Court's exercise of personal jurisdiction over Alleged Doe. In this case, Hard Drive has offered two theories for the Court's exercise of personal jurisdiction over Alleged Doe: first, that it "used geo location technology to trace IP addresses of each Defendant to a point of origin within the State of Indiana" and second that any non-resident defendants[4] "downloaded copyrighted content from or uploaded it to Indiana residents" and, therefore, subjected themselves to the personal jurisdiction of this District. Complaint ¶ 6. Hard Drive also alleges that venue is proper because the "Defendants may reside in this District" or "a substantial part of the events giving rise to the claims in this action occurred in this District." Complaint ¶ 7.

---

[4] Hard Drive's second suggestion for how this Court may exercise personal jurisdiction is completely at odds with Hard Drive's statement that it has pinpointed the source of each of the IP addresses of the Doe Defendants to a point within the State of Indiana.

6

However, Hard Drive has not made a *prima facie* showing for either allegation against Alleged Doe under *Twombly* and *Iqbal*.  First, according to Comcast's records as shown in the Letter, the Accused IP Address with which Alleged Doe is associated does **not** have a point of origin within the State of Indiana and the Letter shows on its face Alleged Doe is **not** a resident of the State of Indiana.  *See* Ex. A. (showing the partially redacted address of Alleged Doe, which Letter explains that Alleged Doe's account was assigned the Accused IP Address).  The Accused IP Address—based on Comcast's records which are Hard Drive's entire basis for drawing Alleged Doe into this litigation—simply has nothing to do with this District or the State of Indiana.  Based on this evidence, the method by which Hard Drive claims to have associated the Accused IP Address and Alleged Doe with this State does not hold water.  It is unclear how Hard Drive used a geo location tool to tie the Accused IP Address (and, therefore, Alleged Doe) to the State of Indiana when, based upon the Letter, it does not have a point of origin in this state.  Indeed, Hard Drive has only made baseless and generalized assertions and has not provided factual evidence sufficient to support its *prima facie* burden required under *Twombly* and *Iqbal*.

Second, Hard Drive argues that the Court has personal jurisdiction over the Alleged Doe "because [the Doe Defendants] downloaded copyrighted content from or uploaded it to Indiana residents".  Compl. at ¶ 7.  Hard Drive has not met its *prima facie* burden to support this jurisdictional argument under *Twombly* and *Iqbal* either.  The only jurisdictional facts identified by Hard Drive (*i.e.*, the Accused IP Address associated with Alleged Doe) give no indication that it is actually plausible that the copyright infringement occurred in this state.[5]  Hard Drive provides only baseless assertions that any out-of-state Doe Defendants must have downloaded copyrighted content from or uploaded it to Indiana residents. There is no factual evidence to

---

[5] Hard Drive itself appears to be located in Nevada, but even if Hard Drive were in Indiana, that would not establish where the act of infringement occurred.

7

support this allegation. Without any factual allegations to support the claim that the alleged infringement took place within the state, Hard Drive has not plausibly established minimum contacts and therefore this Court cannot exercise personal jurisdiction over Alleged Doe under *Twombly* and *Iqbal*.

Further, it is well-settled that mere usage of the Internet by an out-of-state resident does not mean that such an out-of-state resident has availed him/herself of the benefits and protections of the state, thereby subjecting him/herself to the long arm jurisdiction of the state. *See e.g. Be2 LLC v. Ivanov,* 642 F.3d 555 (7th Cir. 2011) (overturning the District Court's finding that it had personal jurisdiction), *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assoc. of Houston Metroplex, P.A.* 623 F.3d 440, 446 (7th Cir. 2010) (holding that defendant's operation of website that could be accessed in Illinois was not sufficient to support personal jurisdiction). The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985).

The mere fact that the Internet permits access to information by residents of every state as well as other countries does ***not*** mean that the person engaged in that activity can be sued ***anywhere*** in the United States. As the Fourth Circuit explained in *ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707 (4th Cir. 2002):

> The argument could . . . be made that the Internet's electronic signals are surrogates for the person and that Internet users conceptually enter a State to the extent that they send their electronic signals into the State, establishing those minimum contacts sufficient to subject the sending person to personal jurisdiction in the State where the signals are received. Under this argument, the electronic transmissions symbolize those activities ... within the state which courts will deem to be sufficient to satisfy the demands of due process. But if that broad interpretation of minimum contacts were adopted, State jurisdiction over persons would be universal, and notions of limited State sovereignty and personal jurisdiction would be eviscerated. In view of the traditional relationship among

8

>the States and their relationship to a national government with its nationwide judicial authority, it would be difficult to accept a structural arrangement in which each State has unlimited judicial power over every citizen in each other State who uses the Internet. . . . That thought certainly would have been considered outrageous in the past when interconnections were made only by telephones. . . . But now, even though the medium is still often a telephone wire, the breadth and frequency of electronic contacts through computers has resulted in billions of interstate connections and millions of interstate transactions entered into solely through the vehicle of the Internet.
>*Id.* at 712-713 (citations omitted).

Accordingly, the Fourth Circuit limited the exercise of personal jurisdiction based on Internet usage to situations where the defendant (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts. Under this standard, a person who simply places information on the Internet does not subject himself to jurisdiction in each State into which the electronic signal is transmitted and received. *Id.* at 714. The Seventh Circuit has similarly rejected theories of "national jurisdiction" based on Internet usage. *See generally Jennings v. AC Hydraulic A/S,* 383 F.3d 546, 550 (7th Cir. 2004) ("Premising personal jurisdiction on the maintenance of a website, without requiring some level of 'interactivity' between the defendant and consumers in the forum state, would create almost universal personal jurisdiction because of the virtually unlimited accessibility of websites across the country."). Furthermore, "a defendant must in some way *target* the forum state's market . . . If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." *Be2 LLC,* 642 F.3d at 555 (internal citations omitted).

This analysis applies with equal force to BitTorrent technology. By Hard Drive's own explanation, the size of the swarm can reach "into the tens of thousands" that will "commonly

9

have peers from many, if not every, state in the United States and several countries around the world" and that "every peer in the swarm participates in distributing the file to dozens, hundreds or even thousands of peers." Compl. ¶ 14-15. Even assuming that Alleged Doe participated in a BitTorrent swarm, which he/she did not, there is no way that Alleged Doe could have known that he/she was in a BitTorrent swarm with residents of Indiana. Following the logic of the cases discussed above, there is simply no way that Alleged Doe, an out-of-state resident, could be considered to have purposely availed himself of the benefits and protections of this State by merely participating in a technology that *possibly could* have reached individuals in this State. Indeed, upon entering a BitTorrent swarm it would be both "random" and "fortuitous" for an Indiana resident to also be a participant of that BitTorrent swarm such that Alleged Doe could have feasibly downloaded copyrighted material from or uploaded it to an Indiana resident. And, in the unlikely occurrence that an Indiana resident were actually part of that particular BitTorrent swarm, there is no way that Alleged Doe could plausibly be considered to have knowingly or intentionally engaged with or directed his/her activities at such an Indiana resident.

Requiring individuals from across the country to litigate in this District – beginning with a motion to quash a subpoena for their identifying information – creates exactly the sort of hardship and unfairness that the personal jurisdiction requirements exist to prevent. It requires the individuals urgently to secure counsel far from home, where they are unlikely to have contacts. In this particular instance the hardship is very clear, as the cost of securing counsel even to defend Alleged Doe's identity is likely more than the cost of settlement and possibly even more than the cost of judgment if Alleged Doe lost in the litigation entirely. As Hard Drive has failed to establish any relationship or minimal contacts with respect to the Alleged Doe and State of Indiana, subjecting the Alleged Doe to a lawsuit in this forum would offend the

traditional notions of fair play and substantial justice. For these reasons, Alleged Doe respectfully requests that he/she be dismissed from this Action.

**B.     The Accused IP Address (with which Alleged Doe is associated) Must be Dropped from this Action as Joinder is Inefficient, Unjust and Procedurally Inappropriate.**

Rule 21 of the Federal Rules of Civil Procedure allows the Court to drop a party from a law suit if the party is improperly joined. Fed. R. Civ. P. 21. Misjoinder occurs when parties fail to satisfy either of the two requirements of Rule 20(a). *See e.g., Rudd v. Lx Prods. Corp. Emerson Climate Techs. Braeburn Sys., LLC,* No. 09-cv-6957, 2011 WL 148052, \*\*1, 3-4 (N.D. Ill. Jan. 12, 2011). Under Rule 20(a)(2), there must be (1) a right to relief arising out of the same transaction or occurrence or series of transactions or occurrences, and (2) a question of law or fact common to all plaintiffs. *Id.* at \*1. The majority of courts have concluded that "allegations against multiple and unrelated defendants for acts of patent, trademark, and copyright infringement do not support joinder under Rule 20(a)." *Id.* at \*3 citing *Golden Scorpio v. Steel Horse Bar & Grill,* 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009). Indeed, numerous District Courts, analyzing factually analogous mass copyright infringement suits have found that joinder of tens or hundreds or thousands of Does is not proper and dropped the Does from the suits. *See e.g. Millennium TGA Inc. v. Does 1-800,* No. 10-cv-5603 (N.D. Ill. Mar. 31, 2011) (Manning, J.); *Lightspeed v. Does 1-1000,* No. 1:10-cv-05604 (N.D. Ill. Mar. 31, 2011); *IO Group, Inc. v. Does 1-435,* No. C 10-04382 SI, 2011 WL 445043, \*\*4-6 (N.D. Cal. Feb. 3, 2011); *LaFace Records, LLC v. Does 1-38,* No. 5:07-cv-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008); *BMG Music v. Does 1-203,* No. Civ.A. 04-650, 2004 WL 953888, \*1 (E.D. Pa. 2004).

Each of these opinions explains that "merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *Millennium TGA,* Manning, J. (citing *LaFace,* 2008 WL 544992 at \*2). Here, Hard Drive has alleged generally that each

defendant committed infringement of one of its copyrighted works through BitTorrent technology. Simply using similar technology is not sufficient to link defendants together for purposes of joinder. *See e.g. Millennium TGA,* Manning, J. and *IO Group,* 2011 WL 445043 at *4 (citing *LaFace,* 2008 WL 544992 at *2 and finding joinder improper "where the only factual allegations made were that the doe defendants used the same ISP and same ["Peer to Peer"] P2P network.")  Here, there is no allegation that the Doe Defendants used the same ISP or same P2P network.

Not only is joinder improper for the reasons just explained, but it appears that Hard Drive is purposefully manipulating the federal court system to save its own time and money to the detriment of each of the anonymous Doe Defendants and this Court.  As the Eastern District of Pennsylvania has explained:

> Plaintiffs are attempting to bring over two-hundred factually distinct actions in one lawsuit.  Each claim involves different property, facts, and defenses. . . . [I]n addition to the individual acts of infringement encompassing separate transactions and occurrences, the actual property at issue is different for each Defendant. Each Defendant will also likely have a different defense.  Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works.

*BMG Music,* 2004 WL 953888 at *1.

As a consequence of Hard Drive's actions, this Court "could be faced with dozens . . . of factually unique motions to dismiss, quash or sever from potential defendants located all over the country." *Millennium TGA* (Manning, J).

Moreover, "[n]o predicate has been shown for [joining] separate actions on the cheap." *CP Productions*, 2011 WL 737761 at *1.  Hard Drive has developed a "clever scheme to obtain court-authorized discovery prior to the service of complaints . . . [with] no good faith evidentiary basis to believe the cases should be joined."  *IO Group,* 2011 WL 445043 at *6 (citing *Arista*

12

*Records, LLC v. Does 1-27*, 2008 WL 222283 (D. Me. Jan. 25, 2008).  The costs of Hard Drive's fishing expedition for an actual infringer from this State and District should not be borne by Alleged Doe, the other twenty Doe Defendants or this Court.  Hard Drive has attempted to bypass the appropriate methods of determining the identities and actual conduct of the putative defendants, as well as the requirements of the Federal Rules of Civil Procedure by joining factually distinct instances of alleged infringement.  This flagrant disregard for the legal process should not be allowed.  Indeed, "filing one mass action in order to identify hundreds of doe defendants through pre-service discovery and facilitate mass settlement, is not what the joinder rules were established for." *IO Group,* 2011 WL 445043 at *6.

Based on the foregoing, Alleged Doe respectfully requests that the claims against him/her be severed and that Alleged Doe be dropped from the instant action.

**B.     The Subpoena Must be Quashed as it Seeks Protected Information, that, if Disclosed, Would Place an Undue Burden on Alleged Doe.**

Rules 45(c)(3)(iii) and (iv) of the Federal Rules of Civil Procedure states that a subpoena must be quashed if it "requires disclosure of . . . protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(iii) and (iv).  *First*, the personally identifiable Requested Information is protected.  *Second*, revealing such protected personal information creates an undue burden on Alleged Doe.  Recognizing the potential for discovery abuse of the "privacy interests of litigants and third parties," the U.S. Supreme Court has explained that it is within the "equitable powers of the courts of law . . . to prevent abuses, oppression, and injustices." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 34-35, 104 S. Ct. 2199, 81 L.Ed.2d 17 (1984) (finding that the Washington State Supreme Court did not abuse its discretion in issuing a Order which protected the plaintiff's financial affairs, in which the plaintiff had a "recognizable privacy interest") (internal citation omitted).  In other words, although Fed. R. Civ. P. 26(c) "contains no

13

specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule." *Id.* at 35, n. 21.  Moreover, "the spirit of the Rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate issues by overuse of discovery." FED. R. CIV. P. 26, Advisory Committee note (1983).  Furthermore, the benefits of revealing such protected personal information must outweigh the burden imposed by compliance with the Subpoena.  *See Northwestern Mem'l Hosp. v. Ashcroft,* 362 F.3d 923, 930-31 (finding that revealing confidential patient records could be unduly burdensome and upholding the District Court's decision to quash a subpoena).

As explained in detail above, this entire law suit is an abuse of legal process and this Subpoena is only one of the many tactical weapons Hard Drive is employing to pursue this action.  Alleged Doe has a recognizable privacy interest in protecting his/her personally identifiable information and preventing his/her name and other information from being revealed to Hard Drive.  Prior to filing this law suit, Hard Drive failed to conduct even the most basic investigation to determine the facts and circumstances specific to each putative defendant.  As a result, Hard Drive has made conclusory and sweeping allegations against twenty one individuals, with no factual basis to support the allegations against each specific Doe Defendant.  The privacy of the Doe Defendants, including Alleged Doe, should not be invaded because Hard Drive has refused to follow the rules.

Moreover, if Comcast were forced to comply with the subpoena and turn over Alleged Doe's protected personally identifiable information, Alleged Doe would be subjected to undue burden for the following reasons. First, Alleged Doe would be forced to litigate in a state and a judicial district of which he/she is not a resident. Second, Alleged Doe's name and other personal

14

information would be publicly associated with the download and distribution of pornographic material—an offense that could indelibly and detrimentally affect the reputation of Alleged Doe. In addition to the obvious burden on the resources of Alleged Doe if he/she were to be wrongly named in a law suit (especially one outside his/her State and District of residence), the public release of personal information has been found to place an undue burden on individuals. For example, in *Northwestern Memorial Hospital,* the Seventh Circuit highlighted the potential "threats, humiliation, and obloquy" women may face if it was a matter of public record that they had undergone abortions. *Northwestern Mem'l Hosp.,* 362 F.3d at 929. Similarly, Alleged Doe would be subject to scorn, humiliation and unforeseen adverse consequences if the wrongful accusation that Alleged Doe had downloaded pornographic material were made public.

Plainly, Alleged Doe's protected personally identifiable information should not be produced, as its production would subject him/her to the above-described undue burden in contravention to Rule 45 of the Federal Rules of Civil Procedure.

## CONCLUSION

For all of the foregoing reasons, Alleged Doe respectfully requests that this Court enter an order dismissing Alleged Doe from this action, or, in the alternative, an order severing and dropping Alleged Doe from this action or an order quashing the Subpoena.

**DATED:** July 18, 2011.                    Respectfully submitted,

                                              **DOE DEFENDANT (IP ADDRESS 98.223.142.223)**

By:      s/ Shannon T. Harell
        One of His/Her Attorneys
Jami A. Gekas
Shannon T. Harell
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 2800
Chicago, IL 60606-1229
PH:  (312) 201-2000
FX:  (312) 201-2555

**CERTIFICATE OF SERVICE**

  Shannon T. Harell, an attorney, hereby certifies that a true and correct copy of the foregoing ***Defendant Doe's (IP Address 98.223.142.223) Memorandum in Support of Motion to Dismiss for Lack of Personal Jurisdiction, or, in the alternative, to Sever or to Quash Subpoena for Production of Personally Identifiable Information to Comcast Cable Holdings, LLC*** was served upon the following-named persons, via Electronic Notice for Registrants of the Case Management/Electronic Case Filing System of the United States District Court for the Southern District of Indiana, on July 18, 2011:

        Steele Hansmeier PLLC
        161 North Clark Street, Suite 4700
        Chicago, Illinois 60601


        _/s/_ Shannon T. Harell