Case 4:11-cv-00059-SEB-WGH   Document 18-2   Filed 07/18/11   Page 1 of 11 PageID #: 106
2:11-cv-02068-HAB -DGB   # 15   Page 1 of 3

E-FILED
Friday, 29 April, 2011  09:02:53 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VPR INTERNATIONALE, | ) | |
| | ) | |
| Plaintiff, | ) | 11-2068 |
| | ) | |
| v. | ) | |
| | ) | |
| DOES 1 - 1017, individually and as representatives of a class, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

The plaintiff, VPR Internationale, is a Montreal, Quebec-based producer of adult entertainment content. VPR has filed this complaint against 1,017 Doe defendants identified only by Internet Protocol ("IP") address. VPR alleges that these defendants have distributed adult videos in violation of VPR's copyrights. To determine the identity of the 1,017 alleged copyright infringers, VPR filed an *ex parte* motion for expedited discovery so that it could immediately serve subpoenas on Internet service providers ("ISPs") to determine the subscriber and location associated with each IP address. The court denied the motion for expedited discovery [9]. VPR filed an *ex parte* motion for reconsideration, which was denied on March 22, 2011, by text order.

VPR has now filed a motion to certify for interlocutory review the court's denial of its motion for expedited discovery. VPR seeks certification for one controlling question of law:

> Defendants' identities are unknown to the Plaintiff. Instead, each Defendant is associated with an Internet Protocol (IP) address. Internet Service Providers (ISPs) know identity and contact information associated with each IP address. Is the Plaintiff to entitled to discover this information by serving ISPs with subpoenas *duces tecum* under Fed. R. Civ. P. 45?

Fed. R. Civ. P. 26(d)(1) prohibits a party from "seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." In this case, VPR may seek expedited discovery only by court order.

Arguing in favor of certification, VPR directs the court's attention to its motion for reconsideration. In its memorandum, VPR concedes that the relief sought falls outside traditional adversarial procedure, and states that there is no legal basis to name the ISP providers as defendants. VPR compares the Doe defendants' IP addresses to "records of *who* rented *which* car at a busy car rental agency, in that IP addresses are like cars "leased by subscribers. If a

1

plaintiff was injured by a rental car, the plaintiff can discover the information on who leased the car from the agency by specifying the license plate of the offending vehicle and the date and time when the injury occurred. Without access to the agency's records, all the plaintiff has is the identity of the rental agency, but not who was driving the rental car." The comparison is not apt. The rental agency owns the car and is a potential defendant, so the adversarial process would yield the driver's information. And such information is not necessarily confidential; accident reports and police records may also identify the driver.

In this case, not a single one of the plaintiff's 1,017 potential adversaries has been identified. There is no adversarial process yet. Moreover, VPR ignores the fact that IP subscribers are not necessarily copyright infringers. Carolyn Thompson writes in an MSNBC article of a raid by federal agents on a home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections (including a secure connection from the State University of New York). See Carolyn Thompson, *Bizarre Pornography Raid Underscores Wi-Fi Privacy Risks* (April 25, 2011), http://www.msnbc.msn.com/id/42740201/ns/technology_and_science-wireless/

The list of IP addresses attached to VPR's complaint suggests, in at least some instances, a similar disconnect between IP subscriber and copyright infringer. The ISPs include a number of universities, such as Carnegie Mellon, Columbia, and the University of Minnesota, as well as corporations and utility companies. Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect, as illustrated in the MSNBC article. The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.

VPR argues that, if served with a subpoena, the ISPs are required by law to notify each targeted subscriber and the Does may then move the court to quash the subpoenas. The potential filing of a motion to quash is no reason to abandon the adversarial process. As VPR points out, *ex parte* motions for expedited discovery have been granted in similar cases in other districts; among the thousands of Does in those cases, relatively few motions to quash have been filed. In at least one case, counsel[1] has sought leave to amend the complaint to add more Doe defendants. *See Lightspeed Media Corp. v. Does 1 - 100*, Case No. 1:10-cv-05604, d/e 16 (N.D. Ill.) (seeking leave to add Does 101 - 1000 as defendants). In *Hard Drive Productions, Inc. v. Does 1 - 1000*, counsel sought leave to dismiss more than 100 Doe defendants, stating that some of the Does had "reached a mutually satisfactory resolution of their differences" with the plaintiff. *Hard Drive*,

---

[1] VPR is represented by John Steele, Esq. Steele represents other adult entertainment producers in cases now (or recently) pending in the Northern and Southern Districts of Illinois.

Case No. 1:10-cv-05606, d/e 33 (N.D. Ill.).[2]  Orin Kerr, a professor at George Washington University Law School, noted that whether you're guilty or not, "you look like a suspect."[3] Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong?  The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case.

In its order denying the motion for expedited discovery, the court noted that until at least one person is served, the court lacks personal jurisdiction over anyone. The court has no jurisdiction over any of the Does at this time; the imprimatur of this court will not be used to advance a "fishing expedition by means of a perversion of the purpose and intent" of class actions.  Order, d/e 9.

The motion to certify for interlocutory review [14] is denied.

Entered this 29th day of April, 2011.

\s\Harold. A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

[2] In *Lightspeed*, only one defendant has been named and his case severed; the ISP subpoenas have been quashed, the other Does are dismissed, and Steele has been ordered to notify the Does that they are no longer potential defendants in the case. *See* Case No. 1:10-cv-05604, d/e 57 (N.D. Ill.).

[3] MSNBC article, p. 2.

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5603 | **DATE** | March 31, 2011 |
| **CASE TITLE** | *Millenium TGA Inc. v. Does 1-800* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the court sua sponte severs all of the defendants except Doe IP address 68.239.158.137 for improper joinder. All other Doe defendants are severed from the case without prejudice to the plaintiff filing suit against them individually in the proper forum. The plaintiff shall immediately proceed with the notification procedures to all of the severed Doe defendants as detailed in this order. The pending motions to quash [Dkt. #43, 46, 49, 54] are denied as moot. Doe IP Address 68.239.158.137's motion to quash [Dkt. #39] is granted. Doe IP address 68.239.158.137 need not respond to the subpoena; in the interim, the plaintiff has until April 11, 2011, to either amend the complaint to name Doe IP address 68.239.158.137 as a defendant or dismiss the case in its entirety.

■ [ For further details see text below.]

00:00

### STATEMENT

The plaintiff, Millenium TGA Inc., brought suit alleging that John Does 1-800 infringed its copyright by illegally reproducing and distributing over the Internet the plaintiff's creative works. The amended complaint alleges that the defendants downloaded the works using BitTorrent protocol under which users distribute data directly to one another rather than obtaining the files from a central server. The actual names of the defendants were unknown to the plaintiff; instead, the only means of identifying the defendants was through an Internet Protocol ("IP") address, which is a unique number assigned to a computer. On September 13, 2010, this court granted the plaintiff leave to subpoena certain Internet service providers ("ISP") to obtain the identity of the persons associated with the allegedly offending IP addresses identified in the First Amended Complaint.

Several of the Doe defendants have filed motions to quash the subpoenas [Dkt. ## 39, 43, 46, 49, 54] for lack of personal jurisdiction. The magistrate judge, to whom this case has been referred to supervise discovery, recently set a briefing schedule for these motions. Because the court sua sponte concludes that all of the Doe defendants except one have been improperly joined, the pending motions to quash at docket entries 43, 46, 49, and 54 are denied as moot.

Under Rule 20, persons may be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Further, Fed. R. Civ. P. 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

| STATEMENT |
|---|

In other similar types of copyright cases, some courts have ordered that Doe defendants be severed. For example, in *LaFace Records, LLC v. Does 1-38*, No. No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court granted a motion to sever under facts similar to those existing in this case, stating:

> The moving defendants argue that plaintiffs have failed to show that the copyright infringement claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences. (Defs.' Mem. at 12-16). The court agrees. Plaintiffs argue that the claims asserted against the various defendants arise out of the same series of transactions because each defendant used the same ISP as well as some of the same P2P networks "to commit the exact same violation of the law in exactly the same way." (Plfs .' Resp. at 22). However, merely committing the same type of violation in the same way does not link defendants together for purposes of joinder.
>
> In similar cases, other courts have commonly held that where there is no assertion that multiple defendants have acted in concert, joinder is improper. *See BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006) (sua sponte severing multiple defendants in action where only connection between them was allegation they used same ISP to conduct copyright infringement); *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782, at *19 (M.D. Fla. Apr. 1, 2004) (magistrate judge recommended sua sponte severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement). Accordingly, this court finds that defendants' use of the same ISP and P2P networks to allegedly commit copyright infringement is, without more, insufficient for permissive joinder under Rule 20. This court will sever not only the moving defendants from this action, but all other Doe defendants except Doe 2. *See BMG Music v. Does 1-203*, No. 04-650, 2004 U.S. Dist. LEXIS 8457, at *2, *4, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) (upon motion for reconsideration, court upheld its sua sponte order of severance of all but one Doe defendant).

*Id.* at *2.

This court agrees with the above reasoning and concludes that Rule 20(a)(2)(A) has not been satisfied. Moreover, given the number of "potential" defendants (*i.e.*, Does 1-800), this court could be faced with dozens if not hundreds of factually unique motions to dismiss, quash or sever from potential defendants located all over the country with no discernible ties to this district. Indeed, at least five motions to quash have been filed in this case in the past week.

The court's decision to order severance is reinforced by its concerns regarding the plaintiff's choice of venue. The plaintiff's complaint points to no facts indicating why venue is appropriate in the Northen District of Illinois. The plaintiff is a Hawaii corporation with its principal place of business in California. As far as the plaintiff knows, none of the defendants are located in Illinois and it merely alleged, without any basis the court can discern, that "on information and belief each Defendant may be found in this district and/or a substantial part of the acts of infringement complained of herein occurred in this District." Amended Comp. at ¶7. Indeed, apparently none of the Doe defendants who have filed motions to quash are located in Illinois and it appears that easily accessible tools exist to verify the locations of the IP addresses of the other named Doe defendants, *see, e.g.*, http://whois.arin.net/ui/, many (if not all) of which are not located in Illinois.

## STATEMENT

For these reasons, all Doe defendants, except Doe IP address 68.239.158.137, are severed from this case without prejudice to the plaintiff filing suit against them individually. The plaintiff shall, within 7 days of the date of this order, notify the internet service providers that have been subpoenaed that the subpoena is sua sponte quashed, to cease and desist all efforts to identify the users of the relevant IP addresses, and to have the internet service providers immediately notify anyone to whom they have previously given notice of the subpoena of this dismissal order. Moreover, as to all of the IP addresses for which the plaintiff has received identifying information, the plaintiff shall, within 7 days of the date of entry of this order, send via U.S. Mail the instant order to those users along with a letter notifying them that they are no longer potential defendants in the instant litigation.

With respect to Doe IP address 68.239.158.137's motion to quash for lack of personal jurisdiction, the motion is granted. Doe IP address 68.239.158.137 need not respond to the subpoena at this time; in the interim, the plaintiff has until April 11, 2011, to either amend the complaint to name Doe IP address 68.239.158.137 as an actual defendant in this case or dismiss the case in its entirety. In the event that the plaintiff amends the complaint to name Doe IP address 68.239.158.137 as a defendant, Doe IP address 68.239.158.137 may renew its motion to quash for lack of personal jurisdiction.

RH/p

```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

```
BOY RACER, INC.,                )
                                )
          Plaintiff,            )
                                )
     v.                         )   No.  11 C 2984
                                )
DOES 1-22,                      )
                                )
          Defendant.            )
```

MEMORANDUM ORDER

It seems that attorney John Steele ("Steele") might be well advised to stay away from Las Vegas or other casinos, because his current filing on behalf of plaintiff Boy Racer, Inc. has--despite odds in the range of 25 to 1--been assigned at random to the calendar of this District Court, which had previously been the recipient of another random assignment of a Steele-filed action (that one being CP Productions, Inc. v. Does 1-300, No. 10 C 6255). This Court had ended up dismissing the CP Productions action for the reasons stated in its February 7, 2011 memorandum order and its February 24, 2011 memorandum opinion and order, which (among other reasons) rejected attorney Steele's effort to shoot first and identify his targets later.

As appeared to be true in the CP Productions case, it would seem feasible for Steele and his client to pursue the normal path of suing an identifiable (and identified) defendant or defendants rather than a passel of "Does." Moreover, that practice would also facilitate the determination as to which defendant or

defendants is or are amenable to suit here in Illinois, as well as testing the viability of the currently amorphous Count II assertion of a civil conspiracy.

Accordingly, just as in <u>CP Productions</u>, both the Complaint and this action are dismissed without prejudice.  As in that case, Boy Racer is free to advance its copyright infringement claims against one or more identified defendants on an individual basis or, if appropriate, a plausible conspiracy theory.

_____
Milton I. Shadur
Senior United States District Judge

Date:  May 9, 2011

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5604 | **DATE** | March 31, 2011 |
| **CASE TITLE** | *Lightspeed v. Does 1-1000* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Mr. Rogers' motion for improper joinder is granted and all other Doe defendants are severed from the case without prejudice to the plaintiff filing suit against them individually in the proper forum. The plaintiff shall immediately proceed with the notification procedures to all of the severed Doe defendants as detailed in this order. With respect to Mr. Rogers' motion to dismiss for lack of personal jurisdiction, the motion is denied without prejudice. The plaintiff has until April 11, 2011, to either amend the complaint to name Mr. Rogers as a defendant or dismiss the case in its entirety.

■[ For further details see text below.]

00:00

## STATEMENT

The plaintiff, Lightspeed Media Corporation, brought suit alleging that John Does 1-1,000 infringed its copyright by illegally reproducing and distributing over the Internet the plaintiff's creative works. The amended complaint alleges that the defendants downloaded the works using BitTorrent protocol under which users distribute data directly to one another rather than obtaining the files from a central server. The actual names of the defendants were unknown to the plaintiff; instead, the only means of identifying the defendants was through an Internet Protocol ("IP") address, which is a unique number assigned to a computer. On September 15, 2010, this court granted the plaintiff leave to subpoena certain Internet service providers ("ISP") to obtain the identity of the persons associated with the allegedly offending IP addresses identified in the First Amended Complaint.

One of the individuals apparently identified by an ISP as owning one of the allegedly offending IP addresses is Beau Rogers. Mr. Rogers filed a motion to quash the subpoena, a motion to dismiss the complaint based on a lack of personal jurisdiction and a motion for severance based on impermissible joinder [Dkt. ## 32, 33]. Mr. Rogers also filed a motion for a protective order asking that he be allowed to conceal his identity from the plaintiff. On February 4, 2011, the court denied Mr. Rogers' motion to quash without prejudice pending a ruling on the motions to dismiss for lack of personal jurisdiction and for severance based on impermissible joinder. In that same order, the court denied the motion for a protective order because Mr. Rogers had already disclosed his name and address to the plaintiff in his filings with the court, and because Mr. Rogers had not demonstrated that he was entitled to conceal his identity under Seventh Circuit precedent.

The plaintiff filed its opposition to Mr. Rogers' motions to dismiss and for severance on February 24, 2011. The defendant did not file a reply, though he was given the opportunity to do so; accordingly, the court will rule without the benefit of a reply.

## STATEMENT

The court will first address Mr. Rogers' motion for joinder. Under Rule 20, persons may be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Further, Fed. R. Civ. P. 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

Mr. Rogers notes that in other similar types of copyright cases, some courts have ordered that the defendants be severed, and asks that the same be done here. For example, Mr. Rogers cites to *LaFace Records, LLC v. Does 1-38*, No. No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), in which the court granted a motion to sever under facts similar to those existing in this case, stating:

> The moving defendants argue that plaintiffs have failed to show that the copyright infringement claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences. (Defs.' Mem. at 12-16). The court agrees. Plaintiffs argue that the claims asserted against the various defendants arise out of the same series of transactions because each defendant used the same ISP as well as some of the same P2P networks "to commit the exact same violation of the law in exactly the same way." (Plfs.' Resp. at 22). However, merely committing the same type of violation in the same way does not link defendants together for purposes of joinder.
>
> In similar cases, other courts have commonly held that where there is no assertion that multiple defendants have acted in concert, joinder is improper. *See BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006) (sua sponte severing multiple defendants in action where only connection between them was allegation they used same ISP to conduct copyright infringement); *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782, at *19 (M.D. Fla. Apr. 1, 2004) (magistrate judge recommended sua sponte severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement). Accordingly, this court finds that defendants' use of the same ISP and P2P networks to allegedly commit copyright infringement is, without more, insufficient for permissive joinder under Rule 20. This court will sever not only the moving defendants from this action, but all other Doe defendants except Doe 2. *See BMG Music v. Does 1-203*, No. 04-650, 2004 U.S. Dist. LEXIS 8457, at *2, *4, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) (upon motion for reconsideration, court upheld its sua sponte order of severance of all but one Doe defendant).

*Id.* at *2.

In response, the plaintiff argues that this case is distinguishable because BitTorrent involves more than "'merely committing the exact same violation in the same way' or using the same ISP as was alleged in those cases." Plaintiff's Opposition, Dkt. #45 at 13. But this statement ignores that the BitTorrent protocol is a peer-to-peer file sharing system, which was at issue in the *LaFace Records* case.[1] Thus, the court finds the plaintiff's attempt to distinguish its case from the others cited above unpersuasive and that Rule 20(a)(2)(A) has not been satisfied. The court is equally unmoved by the plaintiff's assertion that joinder at this stage serves the interests of judicial economy. According to the plaintiff, if joinder is not allowed, it would be

## STATEMENT

required to file 1,000 different cases in which the judges might issue inconsistent rulings. But this issue goes to the plaintiff's interests, not the court's. The plaintiff states that, after discovery is complete, "Lightspeed may ultimately dismiss the entire case and file suits against individual Defendants in other jurisdictions." Plaintiff's Memorandum in Opposition, Dkt. #45. In the meantime, given the number of "potential" defendants (*i.e.*, Does 1-1000), this court could be faced with hundreds of factually unique motions to dismiss, quash or sever from potential defendants located all over the country. Indeed, one other motion is pending in this case and in another similar case before this court, *Millenium TGA Inc. v. Does 1-100* (10 C 5603), numerous motions to quash based on a lack of personal jurisdiction are being filed as this order is being written.

The court's decision to order severance is reinforced by its concerns regarding the plaintiff's choice of venue. The plaintiff's complaint points to no facts indicating why venue is appropriate in the Northen District of Illinois. The plaintiff is an Arizona corporation with its principal place of business in Arizona. As far as the plaintiff knows, none of the defendants are located in Illinois and it has provided no good-faith basis for its allegation that "on information and belief each Defendant may be found in this district and/or a substantial part of the acts of infringement complained of herein occurred in this District." Amended Comp. at ¶7. Indeed, at least one defendant, Mr. Rogers, is not found in this district and it appears that easily accessible tools exist to verify the locations of the IP addresses of the other named Doe defendants, *see, e.g.*, http://whois.arin.net/ui/, many (if not all) of which are not located in Illinois.

For these reasons, Mr. Rogers' motion for improper joinder is granted. All other Doe defendants are severed from this case without prejudice to the plaintiff filing suit against them individually. The plaintiff shall, within 7 days of the date of this order, notify the internet service providers that have been subpoenaed that the subpoena is sua sponte quashed, to cease and desist all efforts to identify the users of the relevant IP addresses, and to have the internet service providers immediately notify anyone to whom they have previously given notice of the subpoena of this dismissal order. Moreover, as to all of the IP addresses for which the plaintiff has received identifying information, the plaintiff shall, within 7 days of the date of entry of this order, send via U.S. Mail the instant order to those users along with a letter notifying them that they are no longer named as potential defendants in the instant litigation.

With respect to Mr. Rogers' motion to dismiss for lack of personal jurisdiction, the plaintiff contends that the motion is premature because Mr. Rogers has not actually been named as a defendant in this case. The plaintiff has until April 11, 2011, to either amend the complaint to name Mr. Rogers as a defendant or dismiss the case in its entirety. In the event that the plaintiff amends the complaint to name Mr. Rogers as a defendant, Mr. Rogers may renew his motion to dismiss for lack of personal jurisdiction.

RH/p

---

1. "Bit Torrent is a popular P2P [peer-to-peer] file sharing system. The BitTorrent network relies on Internet search engines that index files through metadata called torrents. Bit Torrent client software allows files to be downloaded and uploaded on P2P networks using a high-performance network protocol."
http://compnetworking.about.com/od/bittorrent/BitTorrent_Bit_Torrent_P2P_Network.htm
(visited March 23, 2011).