IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., | Case No. 4:11-cv-00059-SEB-WGH |
| Plaintiff, | Judge: Hon. Sarah Evans Barker |
| v. | Magistrate Judge: Hon. William G. Hussmann |
| DOES 1 – 21, | |
| Defendants. | |

**RESPONSE BY PLAINTIFF HARD DRIVE PRODUCTIONS, INC., IN OPPOSITION TO MOVANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE TO SEVER OR TO QUASH SUBPOENA**

An anonymous individual claiming to be associated with Internet Protocol ("IP") address 98.223.142.223 ("Movant") filed a motion, through his attorney Shannon T. Harell, seeking to be dismissed or severed from this case and to quash an outstanding non-party subpoena issued by Plaintiff to Comcast Cable Holdings, LLC ("Comcast"). (Mot. to Dismiss for Lack of Personal Jurisdiction, or, in the Alternative to Sever or to Quash Subpoena, July 18, 2011 [hereinafter Mot. to Dismiss #17], ECF No. 17.) Movant also filed, through his attorney, a Memorandum in Support of his motion. (July 18, 2011 [hereinafter Mem. in Support #18], ECF No. 18.) Movant argues that this Court lacks personal jurisdiction, that joinder is improper and that disclosure by Comcast of the information sought in the subpoena would be improper. In addition, Movant engages in extensive *ad hominem* attacks on Plaintiff's counsel and cites a selection of orders in support of those attacks.

**ARGUMENT**

This brief consists of five parts: Part I argues that Movant's suggestion that this Court engage in a legal fiction is improper, and that Movant cannot be preemptively dismissed from an

action to which he is not a party. Part II identifies several fatal flaws with Movant's personal jurisdiction arguments. Part III argues that Movant's misjoinder challenge is premature at this juncture of the litigation. Part IV argues that Movant's motion to quash must fail because the First Amendment does not provide a shield for copyright infringers and because Movant cannot credibly claim that Comcast's compliance would unduly burden him. Finally, Part V argues that Movant's *ad hominem* attacks are not relevant to the legal matters presently before the Court.

## I. NONPARTIES CANNOT BE PREEMPTIVELY DISMISSED FROM AN ACTION

A nonparty cannot be dismissed from an action. At this time, Movant is merely a third party who is on notice of his potential status as a party defendant. Courts agree that unserved defendants are not yet "parties" to an action. *Sampson v. Village Discount Outlet, Inc.*, No. 93-3296, 1994 WL 709278, at *2 (7th Cir. Dec. 16, 1994); *accord Arista Records, LLC v. Doe 3*, 604 F.3d 110, 115 (2d Cir. 2010) (affirming the district court order adopting the magistrate judge's recommendation to deny the motion to dismiss because the "defendants, not having been served with process, were not yet parties") (internal quotation marks omitted); *Flex Homes, Inc. v. Ritz-Craft Corp of Michigan, Inc.*, No. 07-cv-1005, 2008 WL 746669, at *1 n.2 (N.D. Ohio Mar. 18, 2008) (unserved defendant is "not a party to th[e] motion to dismiss"); *c.f. F.T.C. v. Compagnie De Saint-Gobain-Pont-a-Mousson*, 636 F.2d 1300, 1310–11 (D.C. Cir. 1980) (describing the entity about whom the information was sought by subpoena as neither "an accused in a criminal action nor . . . a defendant in a civil action" but as "merely a third-party witness on notice of its potential status as a party defendant"). As a result, unserved defendants may not properly move to dismiss. *Chandler v. McKee Foods Corp.*, No. 5:08-CV-00062, 2009 WL 210858, at *2 (W.D. Va. Jan. 28, 2009) (taking unserved defendant's motion under advisement until he has been served).

Movant asks the Court to engage in legal fiction by treating him as a party to the case. (Mem. in Support #18 at 4 n.3.) This request is improper. Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also* U.S. Const. art III. The closest Movant comes to being an adversary is the speculative concern that he *may* be added as a party once Comcast responds to Plaintiff's subpoena. This speculation about what Plaintiff *may* do falls far short of the high constitutional bar for concrete adverseness. *Spencer v. Kemna*, 523 U.S. 1, 11 (1998) (stating that it is the "burden of the party who seeks the exercise of jurisdiction in his favor clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute.") (internal quotation marks omitted). The prudential limitations on the exercise of federal court jurisdiction also prevent Movant from asserting the rights of an unnamed defendant.[1] *Allen v. Wright*, 468 U.S. 737, 751 (1984); *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Winkler v. Gates*, 481 F.3d 977, 979 (7th Cir. 2007).

## II.    MOVANT'S CHALLENGE TO PERSONAL JURISDICTION MUST FAIL

Movant's motion to dismiss for lack of personal jurisdiction should be denied for several independent reasons. First, Movant's motion is premature. Second, plaintiffs are not required to plead personal jurisdiction in the complaint. Third, Plaintiff has made a *prima facie* showing of personal jurisdiction.

---

[1] Movant mistakenly conflates anonymous movants with Doe Defendants in arguing that he should be treated as a party. (Mem. in Support #18 at 4 n.3.) These are not the same, and should not be treated as the same for the purposes of this motion. Movant seemingly recognizes this distinction, and makes the distinction himself when he claims that "if and when the *individual associated with the Accused IP Address* is served, *Alleged Doe* will be a party to this action." (*Id.*) Prior to the completion of discovery from non-party ISPs such as Comcast, neither Plaintiff nor this Court should assume, based solely on the word of an anonymous Movant, that Movant is the same as a Doe Defendant, or that Movant can speak for any Doe Defendant.

### A.    Movant's Personal Jurisdiction Challenge Is Premature

Movant's challenge to personal jurisdiction is premature at this stage of the litigation, when the Court has limited means to evaluate Movant's specific connections with this forum. *E.g.*, *MGCIP* [sic] *v. Does 1–316*, No. 10-C-6677, 2011 WL 2292958, at*2 (N.D. Ill. June 9, 2011) [hereinafter *Kendall June 9 Decision*] (Kendall, J.) (denying multiple motions to dismiss for lack of personal jurisdiction as "premature" in a similar factual and procedural context); *Virgin Records Am., Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006); *see also London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 180–81 (D. Mass 2008) (finding it "premature to adjudicate personal jurisdiction" on the available record). A court cannot properly assess a defendant's contacts with a forum until the defendant has at least been identified. *Virgin Records*, 2006 WL 1028956, at *3; *see also Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants").

Movant claims, *inter alia*, that he is "not a resident of the State of Indiana," and that "the Accused IP Address . . . simply has nothing to do with this District or the State of Indiana," "based on Comcast's records." (Mem. in Support #18 at 7.) However, Movant falls far short of directly denying that he has any significant contacts with this jurisdiction sufficient for general or specific jurisdiction. In fact, Movant admits that he resides in Illinois, and thereby raises the possibility that he may work in, conduct business in, or otherwise be subject to service in Indiana. Even if Movant had not admitted this, the Court currently has limited information to assess whether his jurisdictional defenses are valid and to evaluate possible alternate bases to establish jurisdiction. *Kendall June 9 Decision*, 2011 WL 2292958, at *2; *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *9 (D.D.C. May 12, 2011); *see also, e.g.*,

*London-Sire Records*, 542 F. Supp. 2d at 181 ("Even taking all of the facts in [movant's] application as true, it is possible that the Court properly has personal jurisdiction.").

Plaintiff will be able to proceed only against named defendants over whom this court has personal jurisdiction. *Call of the Wild Movie v. Does 1–1,062*, No. 10-455, 2011 WL 996786, at *9 (D.D.C. Mar. 22, 2011). After the defendants are named and served, they will have an opportunity to file appropriate motions challenging this Court's jurisdiction and that will be the appropriate time for the resolution of this issue. *Kendall June 9 Decision*, 2011 WL 2292958, at *2; *Call of the Wild Movie*, 2011 WL 996786, at *9; *see also Virgin Records*, 2006 WL 1028956, at *3.

    **B.**    **Plaintiffs Are Not Required to Plead Personal Jurisdiction In the Complaint, and Movant Misreads *Iqbal* and *Twombly* In Arguing Otherwise**

Movant is under the mistaken belief that Plaintiff must plead personal jurisdiction in its complaint. (*See, e.g.*, Mem. in Support at 5–6.) It is well-established in all federal courts that personal jurisdiction does not have to be pled. *Wendt v. Handler, Thayer & Duggan, LLC*, 613 F. Supp. 2d 1021, 1027 (N.D. Ill. 2009) (Castillo, J.) ("[A] plaintiff need not anticipate a personal jurisdiction challenge in its complaint . . . ."); *Blackmore v. Lacosse*, No. 85 C 6325, 1985 WL 5052, at *2 (N.D. Ill. Dec. 17, 1985) ("Although some states, including Illinois, require plaintiffs to allege in their complaints facts sufficient to support personal jurisdiction over the defendants . . . such allegations are unnecessary in the federal courts."). Federal Rule of Civil Procedure 8 sets forth the general rules of pleading, requiring a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Courts across jurisdictions interpret this rule to refer to subject-matter jurisdiction and not personal jurisdiction. *See, e.g.*, 5 Wright & Miller, Fed. Prac. & Proc. Civ. § 1206 (3d ed.) (collecting cases).

5

Movant argues that "[a]ccording to *Iqbal* and *Twobley* [sic] . . . Hard Drive must assert the factual basis underlying its claims [of personal jurisdiction]." (Mem in Support #18 at 6.) Despite Movant's belief that the Supreme Court established a personal jurisdiction pleading standard in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), it did not. The phrase "personal jurisdiction" does not appear anywhere in either opinion. *See generally Iqbal*, 129 S. Ct. 1937; *Twombly*, 127 S. Ct. 1955. In fact, each decision focused strictly on the pleading requirements of Federal Rule of Civil Procedure 8, which do not include personal jurisdiction. Far from establishing a personal jurisdiction pleading standard, neither case even discussed the matter.

      **C.**     **Plaintiff Has Made a *Prima Facie* Showing of Personal Jurisdiction**

Even if the Court concludes that a discussion of personal jurisdiction is not premature, it should still deny Movant's motions because Plaintiff has made a *prima facie* showing of personal jurisdiction. In general, a plaintiff is obligated to make a *prima facie* showing only after a proper challenge in a Rule 12(b)(2) motion or when a personal jurisdiction defense is asserted in the answer. *See, e.g.*, *Labtest Intern., Inc. v. Centre Testing Intern. Corp.*, No. 10-CV-02897, 2011 WL 382879, at *3 (N.D. Ill. Feb. 1, 2011). This is not the case here, as Movant is not a party and cannot properly bring a Rule 12(b)(2) motion. Nevertheless, Plaintiff alleged sufficient facts in its complaint to make a *prima facie* showing of personal jurisdiction.

Plaintiff alleged that it used geolocation technology to trace Movant's IP address to a point of origin in Indiana. (Compl. ¶ 6.) Although geolocation is not a litmus test for personal jurisdiction, its use for the purpose of preliminary screening has been championed even by pro-piracy groups. *See* Decl. of Seth Schoen ¶¶ 2, 4, 15–22, *OpenMind Solutions, Inc. v. Does 1–1,295*, No. 3:11-cv-00092-GPM-SCW (S.D. Ill. Mar. 22, 2011), ECF No. 15-2. Use of the same geolocation technology described in Mr. Schoen's declaration predicted the physical location of

6

the Doe Defendant associated with IP address 98.223.142.223 to be Lafayette, Indiana. Physical presence establishes personal jurisdiction. *E.g.*, *Burnham v. Superior Court of Cal., Cnty. of Marin*, 495 U.S. 604, 619 (1990) ("The short of the matter is that jurisdiction based on physical presence alone constitutes due process . . . .").

Even absent the use of geolocation technology, Plaintiff has made a sufficient *prima facie* showing of personal jurisdiction. A federal court deciding a case on similar facts found that plaintiffs had made a *prima facie* showing of personal jurisdiction over an anonymous downloader of copyrighted music. *Virgin Records*, 2006 WL 1028956, at *4. Plaintiffs alleged that the defendant, without the permission or consent of plaintiffs, offered to the public—including persons within the court's jurisdiction—plaintiffs' copyrighted sound recordings; in exchange, defendant was able to download recordings made available by others, including persons within the Court's jurisdiction. *Id.* The court in *Virgin Records* found these allegations sufficient for a *prima facie* showing. These allegations are virtually identical to the allegations in Plaintiff's Complaint. (*See* Compl. ¶¶ 6, 11, 13–15, 23–24.) The defendants offered to the public—including persons in Indiana—Plaintiff's copyrighted Video via BitTorrent software; in exchange, defendants were able to download files made available by others, including persons in Indiana. This infringing activity is enough to establish specific personal jurisdiction under the Indiana long-arm statute. *See* Ind. Trial Rule 4.4(A).

Movant raises the slippery-slope argument that allowing Plaintiff to proceed with discovery would be contrary to Seventh Circuit jurisprudence and would allow general jurisdiction in any federal court against any person across the country or the world. (Mem. in Support #18 at 8–10.) While such a prospect is troubling, that is simply not the case here; Plaintiff's allegations do not involve general internet access, but specific use of a file-sharing

protocol that may touch multiple jurisdictions to effectuate the download of a single copyrighted Work. *See* Compl. ¶ 15; *Call of the Wild Movie*, 2011 WL 996786, at *9. Moreover, as discussed above, Plaintiff has made a good faith effort to specifically restrain this Court's exercise of jurisdiction over individuals that actually reside in the State of Indiana.

Although Movant's personal jurisdiction challenge is premature at this stage of the litigation and Movant is wholly mistaken in believing that Plaintiff must plead any basis for personal jurisdiction, Plaintiff has nevertheless exhaustively satisfied the requirements for a *prima facie* showing of personal jurisdiction. Further, Plaintiff has acted in good faith by taking precautions to name only Doe Defendants that reside in the State of Indiana. Movant's personal jurisdiction challenge should therefore be denied.

### III. MOVANT'S MISJOINDER CHALLENGE IS PREMATURE

Movant's misjoinder challenge is premature at this early stage of the litigation. Movant claims that by joining twenty-one Doe Defendants in one action, Plaintiff has created a situation of misjoinder. (*See* Mem. in Support #18 at 11–13.) However, federal courts considering motions on nearly-identical facts, both within the Seventh Circuit and across the nation, have decided that such arguments are premature at this stage in the litigation. *E.g.*, *Kendall June 9 Decision*, 2011 WL 2292958, at *2 (citing *Donkeyball Movie, LLC v. Does 1–18*, No. 10-1520, 2011 WL 1807452, at *4 (D.D.C. May 12, 2011)); *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) (citing *Voltage Pictures*, 2011 WL 1807438, at *4) (finding joinder "proper" at the early stage of litigation, even where movant's assertion of misjoinder "may be meritorious").

At this stage of the litigation, where discovery is underway only to learn identifying facts necessary to permit service on Doe Defendants, joinder is proper. *Kendall June 9 Decision*, 2011 WL 2292958, at *2. Plaintiff has alleged that the Doe Defendants infringed Plaintiff's

8

copyrighted Video through the same file-sharing protocol—BitTorrent—that operates through simultaneous and sequential computer connections and data transfers among the users. (*See* Compl. ¶¶ 4, 8, 11, 13, 15, 23.) Such allegations have been held sufficient to sustain joinder while discovery of Doe Defendants' identities is underway. *MCGIP*, 2011 WL 2181620, at *4 (holding such allegations were sufficient at same early stage of litigation and postponing joinder discussion); *Voltage Pictures*, 2011 WL 1807438, at *4 (same); *see also Call of the Wild Movie v. Does 1–1,062*, No. 10-455, 2011 WL 996786, at *4–5 (D.D.C. Mar. 22, 2011) (finding plaintiffs' allegations that the Doe defendants used BitTorrent, that BitTorrent "makes every downloader also an uploader," and that any peer who has completed a download "is automatically a source for the subsequent peer" were sufficient to make claims against defendants "logically related").

      Movant argues that Plaintiff has only "alleged generally that each defendant committed infringement of one of its copyrighted works through BitTorrent technology," that such an allegation is insufficient to support joinder, and—contradictorily—that "there is no allegation that the Doe Defendants used the same ISP or same P2P technology." (Mem. in Support #18 at 12.) Even a brief review of Plaintiff's pleadings shows that these statements are patently incorrect. While Plaintiff did indeed name Doe Defendants who used several different ISPs (*see* Compl., Ex. A., May 20, 2011, ECF No. 1-1), Plaintiff not only alleged that all Doe Defendants used the same BitTorrent P2P technology, but in fact alleged that all Doe Defendants infringed upon the same copyrighted Video, joined the torrent swarm particular to Plaintiff's Video to accomplish their illegal activities, and intentionally engaged in concerted action with other Doe Defendants and third parties which amounted to a civil conspiracy to infringe Plaintiff's copyrighted Video. (*See* Compl. ¶¶ 3, 8, 23, 24, 33–37.) Movant would have the Court

9

misinterpret Plaintiff's pleadings as alleging that Doe Defendants "[s]imply us[ed] similar technology" or "merely commit[ed] the same type of violation in the same way" in order to analogize this lawsuit to outdated authority based on fundamentally different P2P file-sharing technologies. (*See* Mem in Support #18 at 11–12.) In fact, as even this brief review has shown, Plaintiff's allegations go much further. For good reason, courts typically will not sever cases involving civil conspiracy allegations. *See In re High Fructose Corn Syrup Antitrust Litigation*, 293 F. Supp. 2d 854, 863 (C.D. Ill. 2003) (Mihm, J.) ("[D]iligent research by both the parties and the Court has uncovered no case in which a Rule 21 severance has been granted in a civil conspiracy case.").

At a later point in this litigation, after Doe Defendants have been named and served, they may properly raise joinder challenges under Fed. R. Civ. P. 20 and move to sever under Fed. R. Civ. P. 21, and that will be the appropriate time for the Court to evaluate the merits of any misjoinder arguments. *Kendall June 9 Decision*, 2011 WL 2292958, at *2; *Voltage Pictures*, 2011 WL 1807438, at *8; *see also MCGIP*, 2011 WL 2181620, at *1. The Court should deny the instant motion because Movant's joinder challenge is premature.

IV.   **MOVANT'S ARGUMENTS THAT THE SUBPOENA SHOULD BE QUASHED MUST FAIL**

Movant's motion to quash the subpoena under Fed. R. Civ. P. 45 should be denied for several independent reasons. First, Movant's identity is not privileged or protected because the First Amendment does not provide a shield for anonymous copyright infringers. Second, Movant cannot credibly claim that Comcast's compliance with the subpoena would unduly burden him.

A.   **Movant's Identity Is Not Privileged or Protected Because the First Amendment Is Not a Shield for Anonymous Copyright Infringement**

Movant argues that the subpoena should be quashed under Fed. R. Civ. P. 45(c)(3)(A)(iii) because "the personally identifiable Requested Information is protected." (Mem. in Support #18

10

at 13.) This argument has been forcefully rejected within the Seventh Circuit. *See Kendall June 9 Decision*, 2011 WL 2292958, at *1–2. To the extent that Movant argues that the release of his identifying information would violate his privacy and his First Amendment right to anonymous speech, this argument is unavailing because the First Amendment does not provide a shield for copyright infringers. The Supreme Court, accordingly, has rejected First Amendment challenges to copyright infringement actions. *See, e.g.*, *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 555–56, 569 (1985).

Courts around the country have repeatedly held that a person who uses the Internet to download or distribute copyrighted works without permission is engaging in the exercise of speech, but only to a very limited extent, and the First Amendment does not protect that person's identity from disclosure. *See, e.g.*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed defendant's First Amendment right to anonymity); *Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights."); *UMG Recordings, Inc. v. Does 1–4*, No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006) (Chen, J.) (applying the *Sony Music* factors and allowing discovery of Doe defendants' identities); *Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims.").

The *Sony Music* court found that the plaintiffs had made a *prima facie* showing of copyright infringement by alleging (1) ownership of the copyrights or exclusive rights of

copyrighted sound recordings at issue; and (2) that "each defendant, without plaintiffs' consent, used, and continue[d] to use an online media distribution system to download, distribute to the public, and/or make available for distribution to others certain" copyrighted recordings. 326 F. Supp. 2d at 565. Here, Plaintiff has made a *prima facie* showing of copyright infringement. First, it alleged ownership of the copyrights of the creative Video at issue in this case. (*See* Compl. ¶¶ 18–20, 26.) Second, it also made supporting allegations that listed the copyrighted Video downloaded or distributed by Defendants using BitTorrent. (*See* Compl. ¶¶ 3, 22–24.) Thus, the limited protection afforded to Defendants by the First Amendment must give way to Plaintiff's need to enforce its rights.

  Movant cannot cloak his identity in the First Amendment when his infringing activities are not private: "[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so." *MCGIP*, 2011 WL 2181620, at *1 (Chen, J.); *see also Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (Howell, J.) (finding movants' rights to anonymity to be minimal); *In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003) ("[I]f an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world."), *rev'd on other grounds sub nom, Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003). Movant's identity is not a privileged or protected matter because the First Amendment is not a shield for copyright infringement, and therefore the Court should deny Movant's motion.

### B. Movant Cannot Credibly Claim That Comcast's Compliance With the Subpoena Would Unduly Burden Him

Movant claims that the subpoena should be quashed under Fed. R. Civ. P. 45(c)(3)(A)(iv) because if he is identified and named as a party in this case, he will be subject to an undue burden. (Mem. in Support #18 at 14–15.) Movant bears the responsibility of proving undue burden, and "the burden is a heavy one," requiring Movant to establish that compliance with the subpoena would be "unreasonable and oppressive." *In re Yassai*, 225 B.R. 478, 483–84 (Bankr. C.D. Cal. 1998) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Movant cannot claim any hardship at this juncture; only the non-party ISP could potentially claim the same.

The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). Movant's only allowable basis for quashing a subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Id.* 45(c)(3)(A)(iii). No other 45(c)(3) grounds apply here; in particular, undue burden objections properly lie with subpoenaed ISPs, not Movant. *Kessel v. Cook Cnty.*, No. 00-3980, 2002 WL 398506, at *2 (N.D. Ill. Mar. 14, 2002) (noting that objections based on burden lie with the subpoenaed party); *see also Call of the Wild Movie*, 2011 WL 996786, at *16 (describing undue burden test as balancing the burden imposed on the *party subject to the subpoena*, the relevance of the information sought, the breadth of the request, and the litigant's need for the information).

Movant essentially argues that the Plaintiff's non-party subpoenas require him to litigate in a forum in which he should not be subject to personal jurisdiction, which causes him hardship. Mem. in Support #18 at 14–15; *see also Voltage Pictures*, 2011 WL 1807438, at *3. However, as explained more fully above, Movant's personal jurisdiction arguments are premature, in part because Movant has not yet been named as a party. *See supra* Part I.A; *Voltage Pictures*, 2011

WL 1807438, at *3. Because Movant is not a named party, Movant is not currently required to respond to the allegations presented in Plaintiff's Complaint nor otherwise litigate in this district. *Voltage Pictures*, 2011 WL 1807438, at *3. Movant faces no obligation to produce any information under the subpoena issued to his non-party ISP and consequently "cannot claim any hardship, let alone undue hardship." *Id.*; *see also Worldwide Film Entm't, LLC v. Does 1–749*, No. 10-0038, 2010 WL 19611962, at *2 (D.D.C. May 17, 2010) (finding that movant challenging non-party ISP subpoena cannot demonstrate "*any* burden"). As Judge Chen of the Northern District of California wrote in response to similar motions, "being named as a defendant in a case does not in and of itself constitute an undue burden such that the subpoena should be quashed." Order Den. Does' Mots. to Quash, *Hard Drive Prods., Inc. v. Does 1–46*, No. 11-1959 (N.D. Cal. June 16, 2011), ECF No. 19.

  Movant also argues that the release of his information would place an undue burden on him due to the "scorn, humiliation and unforeseen adverse consequences" that he expects would accompany public allegations that he had infringed copyrighted pornographic material. (Mem. in Support #18 at 14–15.) Movant goes so far as to compare his situation to that of abortion patients in *Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923, 929 (7th Cir. 2004). However, that case involved *medical records*, and that court noted further that "[t]his is hardly a typical case in which medical records get drawn into a lawsuit." *Id.* Movant fails to mention that the Seventh Circuit found that the controversy surrounding abortion provokes "fierce emotions," is "combustible," and "has at times erupted into violence, including criminal obstruction of entry into abortion clinics, the firebombing of clinics, and the assassination of physicians." *Id.* Movant provides no evidence whatsoever to support the conceit that persons alleged to have illegally reproduced and distributed a copyrighted pornographic Video could face any danger, threats, or

14

actual physical violence. (*See generally* Mem. in Support #18.) Moreover, the abortion patients in *Northwestern Memorial* were not accused of doing anything wrong—they had merely undergone a legal procedure that Congress later declared to be a crime—whereas the Doe Defendants in the present action are accused of violating Plaintiff's exclusive rights under the Copyright Act. *See Northwestern Mem'l Hosp.*, 362 F.3d at 928–29. In *Northwestern Memorial*, there was a complete failure "to articulate a use for the records" after "repeated opportunities" to do so, whereas in the present action discovery of Doe Defendants' identities is necessary and Plaintiff cannot otherwise vindicate its legal rights. *See id.* at 930–31. Movant's analogy stretches too far and must fail.

Movant bears a heavy burden of persuasion in establishing that compliance with the non-party ISP subpoena would be unreasonable and oppressive—a burden that Movant has no chance of meeting, as another court within the Seventh Circuit recently ruled in a similar action. *Kendall June 9 Decision*, 2011 WL 2292958, at *1 (finding that because plaintiff "issued the subpoenas to internet service providers," the "putative defendants cannot maintain that the subpoenas create an undue burden on them"). The Court should deny Movant's motion because only a subpoenaed ISP could credibly bring an undue burden argument.

### V. NEITHER MOVANT'S AD HOMINEM ATTACKS ON PLAINTIFF'S COUNSEL NOR HIS SELECTIVE CITATIONS CONSTITUTE GROUNDS UPON WHICH THIS MOTION SHOULD BE DECIDED

In addition to making legal arguments, Movant engages in extensive *ad hominem* attacks against Plaintiff's counsel and cites a variety of decisions in support of those attacks. The Court should discard Movant's *ad hominem* attacks because they are misguided and irrelevant to the legal matters presently before the Court.

Movant accuses Plaintiff's counsel of "buil[ding] a cottage industry out of naming countless Does as defendants in questionable copyright infringement law suits [sic] involving

15

allegations copyright [sic] infringement of pornographic material." (Mem. in Support #18 at 3.) Movant goes further, stating that "this entire law suit [sic] is an abuse of legal process . . . ." (*Id.* at 14.) Movant does not inform the Court that federal courts nationwide have allowed lawsuits naming as many as thousands of doe defendants to proceed. *E.g.*, *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438 (D.D.C. May 12, 2011).

Over 200 years ago, the framers of the U.S. Constitution recognized that written works and other forms of artistic expression were deserving of legal protection. U.S. Const. art. I, § 8. These fundamental principles regarding protecting and fostering artistic creation did not disappear simply because artistic works have transitioned from tangible to digital. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 928–29 (2005) (citing the concern that "digital distribution of copyrighted material threatens copyright holders as never before"). The digital age, however, has allowed infringement to occur on a massive scale. As described by Movant, Plaintiff's counsel is attempting to stem the tide of unabashed copyrighted infringement via BitTorrent. While Movant goes to great lengths to portray Plaintiff's counsel in a negative light, there is nothing wrong with a law firm focused on protecting intellectual property—except, of course, from the perspective of an infringer.

Movant cites to a narrow selection of orders in support of his *ad hominem* attacks. What Movant fails to inform the Court is that each of the cited orders was made in a very different factual context. For example, Movant cites to Judge Baker's order denying certification for interlocutory review in *VPR Internationale v. Does 1–1017*, No. 11-C-2068 (C.D. Ill. Apr. 29, 2011) (Baker, J.). (Mem. in Support #18 at 3.) What Movant fails to inform the Court is that Judge Baker's decision was made in the context of a discovery motion in a *class action* lawsuit. Further, Movant fails to inform the Court that, after instruction from the Seventh Circuit, Judge

16

Baker invited the plaintiff in that case to submit briefing on the propriety of maintaining the suit as a class action. *See* Order, *In re VPR Internationale*, No. 11-2257 (7th Cir. June 10, 2011). Similarly, Movant cites to an order criticizing Movant's counsel by Judge Manning in *Millennium TGA, Inc. v. Does 1–800*, No. 10-cv-5603 (N.D. Ill. Mar. 31, 2011). (Mem. in Support #18 at 3.) Here, Movant fails to note that this order has itself already been criticized or distinguished by judges in several jurisdictions. *See Kendall June 9 Decision*, 2011 WL 2292958, at *2 (declining to follow); *Donkeyball Movie*, 2011 WL 1807452 at *6 (Howell, J.) (distinguishing because "the court did not discuss the precise nature of the BitTorrent technology" and because infringement of a single copyrighted work, rather than of many, was alleged). Movant also cites to two cases decided by Judge Shadur. Movant fails to inform the Court that one of the cases was dismissed on Rule 4(m) grounds, while the other case was dismissed without prejudice *on Plaintiff's own motion*. *See CP Prods., Inc. v. Does 1–300*, No. 10-C-6255, 2011 WL 737761, at *1 (N.D. Ill. Feb. 24, 2011); Pl.'s Notice of Dismissal of Compl., *Boy Racer v. Does 1–22*, No. 11-C-2984 (N.D. Ill. May 6, 2011), ECF No. 5. As Judge Chen of the Northern District of California wrote in response to similar attacks on Plaintiff's counsel, "the fact that Plaintiff has initiated other lawsuits does not mean that this lawsuit (or even the others) is without any merit." *MCGIP*, 2011 WL 2181620, at *1.

Movant also fails to inform the Court that federal judges nationwide have rejected the arguments raised by Movant in his motion. *See generally, e.g.*, *Kendall June 9 Decision*, 2011 WL 2292958 (N.D. Ill.); *MCGIP*, 2011 WL 2181620 (N.D. Cal. June 2, 2011); *Call of the Wild Movie*, 2011 WL 996786 (D.D.C. Mar. 22, 2011). Movant's counsel should be aware of this, as nearly identical arguments submitted by Movant's counsel have been rejected in the Northern District of Illinois. *See* Docket Entry, *Hard Drive Prods. v. Does 1–1000*, No. 10-C-5606 (N.D.

17

Ill. June 16, 2011), ECF No. 199 (denying motions including ECF No. 97); Mot. to Sever, or, in the Alternative, to Quash Subpoena, *Hard Drive Prods. v. Does 1–1000*, No. 10-C-5606 (N.D. Ill. Apr. 21, 2011), ECF No. 97 (containing nearly identical arguments regarding misjoinder and the subpoena issued to Comcast, but lacking a section arguing for dismissal based on lack of personal jurisdiction).

## CONCLUSION

The Court should deny Movant's motion. Movant cannot be preemptively dismissed from an action to which he is not a party; Movant's personal jurisdiction arguments contain multiple fatal flaws; Movant's misjoinder challenge is premature at this juncture of the litigation; the First Amendment does not provide a shield for copyright infringers; Movant cannot credibly claim that Comcast's compliance would unduly burden him; and Movant's *ad hominem* attacks are not relevant to the legal matters presently before the Court. For all of the above reasons, Plaintiff requests an order denying the instant motion.

Respectfully submitted,

HARD DRIVE PRODUCTIONS, INC.

**DATED:** July 19, 2011

By: /s/ Raphael Whitford
John Steele (Bar No. 92363)
Steele Hansmeier PLLC
161 N. Clark St.
Suite 4700
Chicago, IL 60601
312-880-9160;   Fax 312-893-5677
jlsteele@wefightpiracy.com
*Attorney for Plaintiff*

18

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 19, 2011, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.


        /s/ Raphael Whitford
        RAPHAEL WHITFORD