UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 4:11-cv-59- SEB-WGH |
| vs. ) | |
| ) | |
| DOES 1 - 21, ) | |
| ) | |
| Defendant. ) | |

**ORDER TO SHOW CAUSE**

The defendant (or defendants) who filed the letters at Docket Nos. 12, 14, and 15 and the Motion to Quash or Modify Subpoena at Docket No. 21 shall have through and including September 9, 2011, to show cause why these filings should not be stricken for their non-compliance with Federal Rule of Civil Procedure 11, which provides:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Rule 11 is intended to maintain the integrity of the system of federal practice and procedure, deter baseless filings, and streamline the administration and procedure of federal courts. Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533, 552; 111 S.Ct. 922, 934; 112 L.Ed.2d 1140 (1991); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393; 110 S.Ct. 2447, 2454; 110 L.Ed.2d 359 (1990). Accordingly, the Court cannot permit anonymous persons to litigate before it *pro se*. The Court must be informed as to the identity of the parties before it for whole host of good reasons, including but not limited to the need to make service of its orders, enforce its

orders, and ensure that the Court's resources (and the public tax dollars that fund those resources) are not misspent on groundless litigation.

If a defendant wishes to proceed anonymously, then he or she should retain counsel and file a motion for leave to proceed anonymously under the signature of counsel, citing the relevant background facts and applicable legal authority.  See John Doe v. Indiana Black Expo, Inc., 923 F. Supp. 137 (S.D. Ind. 1996) (see also cases cited therein) (proceeding under a fictitious name is an unusual measure reserved for exceptional cases).  Alternatively, if a defendant wishes to proceed *pro se*, then he or she must reveal his or her identity to the Court in an *ex parte* filing allowing the Court to decide whether the defendant can continue in that capacity.  Any defendant wishing to proceed *pro se* must include his or her full legal name and the other information required by Rule 11 in that *ex parte* filing, which must by accompanied by a motion for leave to proceed anonymously citing the relevant background facts and applicable legal authority and explaining why his or her identity should be sealed or withheld by the Court from the plaintiff's knowledge.

Failure to comply with this Show Cause Order on or before September 9, 2011, will result in the above-referenced filings being stricken on the Court's own motion.

IT IS SO ORDERED.

Date:  07/27/2011

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Jami A. Gekas
gekas@wildman.com

Shannon T. Harell
WILDMAN HARROLD ALLEN DIXON LLP
harell@wildman.com

Raphael J. Whitford
STEELE HANSELMEIER PLLC
rjwhitford@wefightpiracy.com