IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., | CASE NO. 4:11-cv-00059-SEB-WGH |
| Plaintiff, | Judge: Hon. Sarah Evans Barker |
| v. | Magistrate Judge: Hon. William G. Hussman |
| DOES 1 – 21, | RESPONSE BY PLAINTIFF HARD DRIVE PRODUCTIONS, INC., IN OPPOSITION TO MOVANT'S MOTION TO QUASH OR MODIFY SUBPOENA |
| Defendants. | |

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 24.12.126.231 filed a Motion to Quash or Modify an outstanding nonparty subpoena issued by Plaintiff to an Internet Service Provider ("ISP"). (July 21, 2011 [hereinafter Mot. to Quash #21], ECF No. 21.) Movant asks the Court to quash or modify this subpoena and to sever Does 1–21 for misjoinder, arguing that joinder is improper (*see id. passim*), citing to various court decisions from various jurisdictions in support of this argument (*see id.* at 2–5), and accusing Plaintiff's counsel of improper motives. (*Id.* at 1–2, 5.)

ARGUMENT

This brief consists of two parts: Part I argues that Movant's misjoinder challenge is premature at this stage of the litigation. Part II argues that neither Movant's *ad hominem* attacks on Plaintiff's counsel nor his citations to unrelated authority provide a basis for quashing the subpoena.

I.   MOVANT'S MISJOINDER CHALLENGE IS PREMATURE

Movant's misjoinder challenge is premature at this early stage of the litigation. Movant argues that by joining twenty-one Doe Defendants, Plaintiff has created a situation of misjoinder. (*See, e.g.*, Mot. to Quash #21 at 3–5.) However, federal courts considering motions on nearly-identical facts, both within the Seventh Circuit and across the nation, have decided that misjoinder challenges are premature at this stage in the litigation. *E.g.*, Order 2, *MCGIP, LLC v.*

*Does 1–14*, No. 11-cv-2887 (N.D. Ill. July 26, 2011) [hereinafter Lindberg July 26 Order] (Lindberg, J.), ECF No. 19; Order Den. Does' Mots. to Quash 2:1–9, *Hard Drive Prods. v. Does 1–46*, No. C-11-1959 (N.D. Cal. June 16, 2011) (Chen, J.), ECF No. 19; *MGCIP* [sic] *v. Does 1–316*, No. 10-C-6677, 2011 WL 2292958, at *2 (N.D. Ill. June 9, 2011) [hereinafter *Kendall June 9 Decision*] (Kendall, J.), ECF No. 133; *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) (citing *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011)) (finding joinder "proper" at early stage of litigation, even where movant's assertion of misjoinder "may be meritorious"); *Donkeyball Movie, LLC v. Does 1–18*, No. 10-1520, 2011 WL 1807452, at *4 (D.D.C. May 12, 2011) (same).

      Movant would have the Court misinterpret Plaintiff's pleadings as alleging that Doe Defendants merely committed "the exact same type of violation in the same way" in order to analogize this lawsuit to outdated authority based on fundamentally different P2P file-sharing technologies. (Mot. to Quash #21 at 5–6.) Contradictorily, Movant suggests that Plaintiff's pleadings implicate Doe Defendants who "sometimes us[ed] different services." (*Id.* at 6.) Even a brief review of Plaintiff's pleadings shows that these statements are patently incorrect. Plaintiff not only alleged that all Doe Defendants used the same BitTorrent P2P technology, but in fact alleged that all Doe Defendants infringed upon the same copyrighted Video, joined the torrent swarm particular to Plaintiff's Video to accomplish their illegal activities, and intentionally engaged in concerted action with other Doe Defendants and third parties which amounted to a civil conspiracy to infringe Plaintiff's copyrighted Video. (*See* Compl. ¶¶ 3, 8, 23, 24, 33–37.) For good reason, courts typically will not sever cases involving civil conspiracy allegations. *See In re High Fructose Corn Syrup Antitrust Litigation*, 393 F. Supp. 2d 854, 863 (C.D. Ill. 2003) (Mihm, J.) ("[D]iligent research by both the parties and the Court has uncovered no case in which a Rule 21 severance has been granted in a civil conspiracy case."). Plaintiff's allegations thus go much further than Movant suggests.

Even setting aside Plaintiff's civil conspiracy claim, for the sake of argument, severance of the Doe Defendants still would not be justifiable. At this stage in the litigation, where discovery is underway only to learn identifying facts necessary to permit service on Doe Defendants, joinder is plainly proper. *E.g.*, *Kendall June 9 Decision*, 2011 WL 2292958, at *2. Plaintiff has alleged that the Doe Defendants have infringed Plaintiff's copyrighted Video through the same file-sharing protocol—BitTorrent—that operates through simultaneous and sequential computer connections and data transfers among the users. (Compl. ¶¶ 4, 8, 11, 13, 15, 23.) Such allegations have been held sufficient to sustain joinder while discovery of Doe Defendants' identities is underway. *MCGIP, LLC*, 2011 WL 2181620, at *4 (Chen, J.) (holding such allegations were sufficient at same early stage of litigation and postponing joinder discussion); *Donkeyball*, 2011 WL 1807452, at *4 (same); *Voltage Pictures*, 2011 WL 1807438, at *4 (same); *see also Call of the Wild Movie v. Does 1–1,062*, No. 10-455, 2011 WL 996786, at *4–5 (D.D.C. Mar. 22, 2011) (finding plaintiffs' allegations that the Doe defendants used BitTorrent, that BitTorrent "makes every downloader also an uploader," and that any peer who has completed a download "is automatically a source for the subsequent peer" were sufficient to make claims against defendants "logically related").

Discretionary concerns also weigh against severance at this stage of the litigation. The discretionary joinder concerns—avoiding prejudice and delay, ensuring judicial economy, and safeguarding principles of fundamental fairness—were thoroughly examined in a highly similar context by Judge Howell of the United States District Court for the District of Columbia. *Call of the Wild Movie*, 2011 WL 996786, at *4–7. "Joinder will avoid prejudice and needless delay for the only party currently in the case, namely the plaintiff, and promote judicial economy." *Id.* at *4. Furthermore, "[t]he putative defendants are not prejudiced but likely benefited by joinder, and severance would debilitate the plaintiffs' efforts to protect their copyrighted materials and seek redress . . . ." As Judge Howell reasoned, and as Plaintiff's counsel has learned through experience, severance would be especially contrary to the interests of any individuals who have been named as Doe Defendants multiple times in the same suit for multiple observed instances of

infringing activity, a possibility that is a consequence of the dynamic reassignment of many consumer IP addresses:

> [S]ome IP addresses may relate to the same person, who is engaged in the allegedly infringing activity claimed by plaintiffs. Severance of the putative defendants associated with different IP addresses may subject the same Time Warner customer to multiple suits for different instances of allegedly infringing activity and, thus, would not be in the interests of the putative defendants.

*Call of the Wild Movie*, 2011 WL 996786, at *6. The same logic applies in this case, and thus all discretionary factors weigh against severance at this stage of the litigation.

At a later point in this litigation, after Doe Defendants have been named and served, they may raise joinder issues under Fed. R. Civ. P. 20, and move to sever under Fed. R. Civ. P. 21, and that will be the appropriate time for the Court to evaluate the merits of such arguments. *See* Lindberg July 26 Order 2 ("These arguments [including joinder] are premature . . . . The Does may raise these issues when plaintiff has named them as defendants, if that action occurs."); *Kendall June 9 Decision*, 2011 WL 2292958, at *2 ("The putative defendants may re-raise the issue of improper joinder should they become named defendants in this case."); *Donkeyball*, 2011 WL 1807452, at *8; *Voltage Pictures*, 2011 WL 1807438, at *8; *see also MCGIP, LLC*, 2011 WL 2181620, at *1 (Chen, J.). The Court should deny the instant motion because Movant's joinder challenge is premature.

## II.   NEITHER MOVANT'S *AD HOMINEM* ATTACKS ON PLAINTIFF'S COUNSEL NOR HIS CITATIONS TO UNRELATED AUTHORITY PROVIDE A BASIS FOR QUASHING THE SUBPOENA

Movant accuses Plaintiff's counsel of selecting an improper litigation strategy in order to "avoid travel" and of "abuse of the litigation system." (Mot. to Quash #21 at 2, 5.) The list of permissible grounds for quashing or modifying a subpoena does not include *ad hominem* attacks. *See* Fed. R. Civ. P. 45(c)(3). Indeed, Movant offers only sweeping generalizations—and no specific allegations—regarding the activities of Plaintiff's counsel. (*See generally* Mot. to Quash #21.)

4

Movant cites to various cases in support of his motion, arguing that they should be considered "nearly identical" to the instant case. (Mot. to Quash #21 at 2–3.) However, Movant makes little effort to establish the relevance of the cited cases. For example, where Movant cites to cases involving Plaintiff's counsel (*see id.*), Movant fails to establish the relevance of orders made in factual and procedural contexts different from the instant motion. *See, e.g.*, Mem. Op. and Order, *CP Prods., Inc. v. Does 1–300*, No. 10-C-6255 (N.D. Ill. Feb. 24, 2011) (Shadur, J.) (denying plaintiff's motion for reconsideration of the court's Feb. 7, 2011 memorandum order, which dismissed the action under Fed. R. Civ. P. 4(m) without prejudice), ECF No. 32. Movant also fails to inform the Court that the cases he cites are unrepresentative of the many cases filed by Plaintiff's counsel in which courts nationwide have allowed the respective plaintiffs to proceed with early discovery. *See, e.g.*, Lindberg July 26 Order (denying anonymous motions to quash or vacate subpoenas); *Kendall June 9 Decision*, 2011 WL 2292958 (denying anonymous motions to quash, dismiss, and sever); *MCGIP*, 2011 WL 2181620, at *1 (Chen, J.) (denying anonymous motion to quash); *MCGIP v. Does 1–49*, No. 11-1801, 2011 WL 1748461 (N.D. Cal. April 22, 2011) (Fogel, J.). As Judge Chen of the Northern District of California wrote in response to similar attacks on Plaintiff's counsel, "the fact that Plaintiff has initiated other lawsuits does not mean that this lawsuit (or even the others) is without any merit." *MCGIP*, 2011 WL 2181620, at *1.

Further, Movant cites to various cases specifically to support his misjoinder challenge. (*See* Mot. to Quash #21 at 3–5.) But Movant fails to distinguish between the present action—where all alleged infringers used the BitTorrent protocol and exchanged pieces of the file with one another as part of a civil conspiracy—and actions in which infringers were alleged to have used older, less interconnected peer-to-peer file-sharing protocols. (*See id.*) Many courts distinguish between these. *See, e.g.*, *Kendall June 9 Decision*, 2011 WL 2292958, at *2 ("[G]iven the decentralized nature of BitTorrent's file-sharing protocol . . . the Court finds that sufficient facts have been plead to support the joinder of the putative defendants at this time."); *Call of the Wild Movie*, 2011 WL 996786, at *4–5 (considering contrary authority based on older

5

file-sharing protocols and nevertheless finding that plaintiffs' factual allegations about the "nature of a BitTorrent protocol" were sufficient to make copyright infringement claims against multiple defendants "logically related"). The Court should deny the instant motion because Movant's *ad hominem* attacks and his citations to unrelated authority are not bases for quashing the subpoena.

## CONCLUSION

The Court should deny Movant's motion. Movant's misjoinder arguments are premature at this early stage of the litigation, and neither Movant's *ad hominem* attacks on Plaintiff's counsel nor his citations to unrelated authority provide a basis for quashing the subpoena.

Respectfully submitted,

HARD DRIVE PRODUCTIONS, INC.

**DATED:**  August 3, 2011

By: /s/ Raphael Whitford
Raphael Whitford (Bar No. 92363)
Steele Hansmeier PLLC
161 N. Clark St.
Suite 4700
Chicago, IL 60601
312-880-9160;   Fax 312-893-5677
jlsteele@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 3, 2011, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

                                                  /s/ Raphael Whitford
                                                  RAPHAEL WHITFORD