UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| HARD DRIVE PRODUCTIONS, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 4:11-cv-59- SEB-WGH |
| vs. | ) | |
| | ) | |
| DOES 1 - 21, | ) | |
| | ) | |
| Defendants | ) | |

### ORDER TO SHOW CAUSE

The defendant identifying himself as the "purported" holder of the Internet Protocol Address 98.226.98.254 has come forward, *pro se*, to: (1) assert that he has been mistakenly identified as a party to this lawsuit; and (2) move the Court to quash the subpoena issued to Comcast Cable Holdings, LLC.  He contends that since he did not do the things alleged in Plaintiff's Complaint, Comcast should be enjoined from revealing his actual name to Plaintiff.  [Docket No. 31.]

The Court will stay its ruling on this anonymously filed *pro se* motion in order to permit the individual behind it to show cause why the motion should not be stricken for its non-compliance with Federal Rule of Civil Procedure 11, which provides:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented.  The paper must state the signer's address, e-mail address, and telephone number. . . .  The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Rule 11 is intended to maintain the integrity of the system of federal practice and procedure, deter baseless filings, and streamline the administration and procedure of federal courts.  <u>Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.</u>, 498 U.S. 533, 552; 111 S.Ct. 922, 934;

112 L.Ed.2d 1140 (1991); <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 393; 110 S.Ct. 2447, 2454; 110 L.Ed.2d 359 (1990). Accordingly, the Court cannot permit anonymous persons to litigate before it *pro se*. The Court must be informed as to the identity of the parties before it for whole host of good reasons, including but not limited to the need to make service of its orders, enforce its orders, and ensure that the Court's resources (and the public tax dollars that fund those resources) are not misspent on groundless litigation.

If the defendant wishes to proceed anonymously, then he should retain counsel and file a motion for leave to proceed anonymously under the signature of counsel, citing the relevant background facts and applicable legal authority. <u>See</u> <u>John Doe v. Indiana Black Expo, Inc.</u>, 923 F. Supp. 137 (S.D. Ind. 1996) (<u>see</u> <u>also</u> cases cited therein) (proceeding under a fictitious name is an unusual measure reserved for exceptional cases).

Alternatively, if the defendant wishes to proceed *pro se*, then he must reveal his identity to the Court in an *ex parte* filing setting forth his full legal name and the other information required by Rule 11. That *ex parte* filing must by accompanied by a motion for leave to proceed anonymously citing the relevant background facts and applicable legal authority explaining why his identity should be sealed or withheld by the Court from Plaintiff's knowledge. The Court will then determine whether there is legal justification to continue to withhold his identify from Plaintiff.

Failure to comply with this Show Cause Order on or before <u>October 14, 2011</u>, will result in the above-referenced filing being stricken (denied) on the Court's own motion.

IT IS SO ORDERED.

Date: 09/27/2011

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Jami A. Gekas
gekas@wildman.com

Shannon T. Harell
WILDMAN HARROLD ALLEN DIXON LLP
harell@wildman.com

Raphael J. Whitford
STEELE HANSELMEIER PLLC
rjwhitford@wefightpiracy.com